F. S. HUNT, Admr., &c., et al., *v.* WILSON P. CRANE.

1. CONTRACT: PLEADING.—In an action by an employee against his employer, to recover damages for the refusal of the defendant to permit the plaintiff to carry out his contract, it is not necessary that the declaration should allege " that the plaintiff offered to perform his part of the agreement," it is sufficient if it aver that he was willing to do so, and was prevented by the other party.
2. INSTRUCTIONS.—It is not error to refuse an instruction which is correct as an abstract proposition of law, when it does not fully state the rule by which the jury are to be governed, with reference to the facts of the case before them.
3. DAMAGES: EVIDENCE.—In an action by an employee against his employer for damages in refusing to permit him to perform his contract, the employer is liable for such damages as the employee may sustain after due diligence to obtain other and the best wages, in some suitable business; and when the plaintiff fails to obtain employment, it is necessary he should show that he was unable to do so, after due diligence, in order to entitle him to recover for the time he was out of employment. *Prichard* v. *Martin*, 27 Miss. 306. But when he obtains employment, the presumption is, that he gets the best wages he can, which presumption must prevail, unless it be shown by the adverse party, or otherwise appears from the proof, that he accepted less wages than he could have obtained.
4. EVIDENCE: DEPOSITION DE BENE ESSE: ATTORNEY AND CLIENT.—The statute requires, that notice to take a deposition *de bene esse*, should be given to the party to the suit; but if such notice be given to the attorney of record for the party, and the attorney appear and represent his client, in taking the deposition, it would be equivalent to a waiver of notice to the client, which the attorney is competent to do under his general authority.
5. SAME: DEPOSITION: NOTICE REASONABLE.—Notice given an attorney to take a deposition *de bene esse*, must be " reasonable," and such as, in all probability, to allow him time to communicate with his client.

IN error from the Circuit Court of Madison county. Hon. E. G. Henry, presiding.

The facts are sufficiently detailed in the opinion of the court.

*D. Mayes,* for plaintiffs in error.

*Davis & Hill,* for defendant in error.

HANDY, J., delivered the opinion of the court.

This action was brought by the defendant in error, to recover for the breach of a contract for work and labor, made by him with the plaintiffs in error, for a specified term, the performance of which he entered upon, but was prevented, by the conduct of the plaintiffs in error, from completing. The declaration alleges, that after he had undertaken the work, and was willing to complete his term, according to the contract, he was told by the plaintiffs in error, that if he continued in their service, it must be at wages greatly below the price stipulated in their contract; and in consequence of that refusal by them to comply with the terms of the contract, he was thrown out of employment, and, after losing considerable time in ineffectually seeking other employment, he was then employed by another person, at greatly reduced wages.

A verdict and judgment were rendered for the plaintiff below.

The first ground of error, taken in behalf of the plaintiffs, is, that the declaration is not sufficient to support the verdict. The .objection is, that the declaration merely alleges that the defendant in error was "willing to work in accordance with his agreement," &c., and does not allege that he offered to do so. But it is averred, that in consequence of the refusal of the plaintiffs in error to comply with the agreement, he was thrown out of employment. This. refusal consisted in the notice given to him, that if he remained longer in their service, it must be at greatly reduced wages; and it cannot be understood otherwise, than as a notice that his engagement, at the price agreed upon, was discontinued, and that he was thrown out of employment. This is sufficient, especially after verdict.

Again; it is objected that the court erred in refusing the instruction asked in behalf of the plaintiffs in error, "that the jury could only find for the plaintiff such damages as he actually sustained."

As an abstract proposition, this instruction was unobjectionable. But it did not fully state the rule by which the jury were to be governed in assessing damages, with reference to the facts of the

case before them. This was already stated to them, in a clear and practical manner, by the instruction granted at the instance of the plaintiff, that the measure of damages was the injury that the plaintiff had sustained, and that in estimating the damages, they should find the sum stated in the contract, less the value of the plaintiff's services during the residue of the year, as proved; provided those wages were all, or the best, he could obtain. The rule here declared was plain and explicit, and readily enabled the jury to ascertain the amount of injury sustained; whereas that asked by the plaintiffs in error was uncertain, and susceptible of misapplication. It was unnecessary, and was therefore properly refused.

Another objection is taken to the instruction, that the burden of proof was on the defendants, to show that the plaintiff could have obtained higher wages than he did obtain, and that it was sufficient for the plaintiff to show, or that it appeared in evidence, that he went to work after his discharge. We think that this rule was properly stated under the circumstances of this case.

The principle applicable to such cases is, that the employer is liable to the employee, for such damages as the latter may sustain, after due diligence to obtain other and the best wages he can, in some proper business. Where he fails to obtain employment, it is necessary that he should show that he was unable to do so after due diligence, in order to be entitled to recover for the time he was out of employment. This was the case in *Prichard* v. *Martin*, 27 Miss. 306. But where he obtains employment, the presumption is, that he gets the best wages he can; because the strong inducement of self-interest would impel him to do so, and the idea is most unreasonable, that he did not act accordingly. Hence that presumption must prevail, unless it be shown by the adverse party, or otherwise appears, that he accepted less wages than he could have obtained.

The last objection is founded upon the admission of a deposition *de bene esse*, taken in behalf of the defendant in error.

That deposition was objected to on sundry grounds, the first of which is, that the notice of taking it was given to the attorney of record of the defendants, the statute requiring that it should be given to the party to the suit.

This objection would probably be sufficient, but for the fact that

the attorney was present at the taking of the deposition, and that he acknowledged notice of it.     That would be equivalent to a waiver of notice upon the client, which the attorney was competent to do under his general authority as attorney.

2. But although the notice be considered as given to a proper party, and so far sufficient, yet it is objected, that it was not "reasonable" as to time, according to the statute.     It appears that it was given to the attorney a few minutes after one o'clock, and the deposition was taken at three o'clock, on the same day.     It appears that Clifton, one of the parties, was dead at the time, and that his administrator was not then appointed; and it cannot be supposed that the other defendant was in Canton, where the deposition was taken, at the time; for if he had been, it is to be presumed that the notice would have been given to him, and not to his attorney, in conformity to the statute.     Conceding then that the attorney was competent to receive notice, it must be "reasonable," and such as in all probability to allow him time to communicate with his client; and though the attorney might waive the point of reasonableness, as well as the service upon his client, yet it would appear that this was not intended in this case; for in making his written acknowledgment of the notice, he specifies the exact time when he received it, thereby showing that he did not intend to waive the point of reasonableness.

It does not appear that notice might have been given by the attorney, to either of the clients within the time specified; and under all the circumstances, we think that the notice was not reasonable, and that it was not sufficient to render the deposition valid.     And the deposition should have been rejected.

For this error, the judgment must be reversed, and the case remanded for a new trial.