January Term,
1861.

MILLER VS. MCDONALD.

If a party appears and cross-examines a witness whose deposition is being taken, or appears and *objects* to the questions put or the evidence given, he thereby waives all objections on account of any defect or want of notice, although he may have made an objection to the examination of the witness, on that ground, before the deposition was commenced.

Where it appears from the deposition that a portion of the testimony favorable to the party taking it, "was objected to," it will be presumed that the objection was made by the adverse party, it being certified by the officer that such party *attended* at the taking of the deposition. The word "attended," as used in the statute prescribing the form of certificate to be annexed to a deposition, means some thing more than mere personal presence; it signifies participation in the examination of the witness.

It must be presumed that the officer who took the deposition used the word in that sense, and his certificate that the adverse party *attended* is *prima facie* evidence of that fact.

To sustain an action or defense founded upon a warranty of soundness in the sale of a horse, it must be shown clearly that the unsoundness existed *at the time of the sale.*

APPEAL from the Circuit Court for *Racine* County.

This was an action to foreclose a mortgage. The defense was, that the notes secured by the mortgage were given in payment for a stallion, which the plaintiff sold to the defendant, with a warranty that the horse was sound, and " sure and perfect for stock ;" and that the defendant had sustained damages by a breach of the warranty, to an amount greater than the notes. On the trial, the defendant offered in evidence the deposition of one Hotailing, which was objected to for want of proper notice of its taking, and because it was taken at a place less than 30 miles from the place of trial. The deposition was taken in Burlington, Racine county, but the witness stated that he lived in the county of Waukesha. One statement in the deposition, unfavorable to the plaintiff, was hearsay, and at the close of the statement was the following : " (This was objected to.)" The certificate of the officer stated that the plaintiff attended at the taking of the deposition, and it was stated in the caption that the plaintiff's attorney objected to the taking of it, on the ground that no proper notice had been given. The court admitted the deposition. The proof as to the breach of the warranty is sufficiently stated in the opinion of the

VOL. XIII—43

January Term, court.    The judgment in the circuit court was for the de-
1861.           fendant.

MILLER          *Paine & Millet*, for appellant.
v.
M'DONALD.       *Boyce & Cole*, for respondent.

May 15.         *By the Court*, DIXON, C. J.   In my opinion the deposition
of the witness Hotailing was properly received.   The rule
is generally, if not universally, well settled, that if a party
appears and cross-examines, or appears and objects to questions
put or the evidence given by the witness, he thereby waives
all objections which he might have urged on account of any
defect or want of notice.   6 Watts & S., 46; 32 Maine, 179;
12 Ill., 267; 2 Bibb, 316.   The rule is both rational and
just.   Having appeared and availed himself of the privileges
which the notice was designed to give, he ought not after-
wards to be permitted to say he has not had them; and that
the appellant appeared, or, in the language of the statute, *at-
tended* at the taking of the deposition, is manifest in two ways.
First, it appears in the body of the deposition that he objec-
ted to a portion of the testimony given.   It is true that it is
not stated in words that he made the objection, but circum-
stances show that it must have been made by him.   It is
conceded that he was present with counsel.   No one but a
party was interested or authorized to make the objection.
The connection in which it occurs shows that it is such as
would most naturally come from him.   The witness was
detailing mere hearsay statements in favor of the defendant.
They were objected to.   The defendant had no interest in
objecting to them.   If by any chance they could go before
the court and jury, they were favorable to his cause.   If
they could not, they in no way invalidated the residue of
the testimony.   Again, if the objection came from the de-
fendant upon an *ex parte* examination of his own witness,
why was it so carefully noted?   Why noted at all?   Certain-
ly there was no proper motive for it, and it cannot be ex-
plained, except by attributing to the magistrate and to the
defendant a degree of ignorance and stupidity which is al-
most incomprehensible, or by supposing that the defendant
insisted upon it for the purpose of displaying his devotion

January Term,
1861.

MILLER
v.
M'DONALD.

to the cause of legal truth in checking his own witness when he was unconsciously passing beyond the bounds of legitimate evidence. And if it is to be accounted for on either of the latter grounds, it can only be done by attributing to them still another blunder, in putting that down as an objection, which was in reality not an objection at all, but a mere restraint or correction of the witness by the party who sought his testimony. I think therefore that the deposition itself shows that the appellant attended at the taking.

In the second place, the magistrate certifies that "the plaintiff attended at the taking of the deposition." This was a fact to which he was authorized by statute to certify, and when he has done so his certificate becomes *prima facie* evidence of its existence. The statute (sec. 17, chap. 137, R. S.), declares that he shall annex to the deposition a certificate containing, among other things, a statement in substance, that the opposite party, or his attorney, attended at the taking, *or* that a notice, of which the annexed is a copy, was served upon him on a day named. This provision indicates that the legislature intended that when there was an attendance in fact, no proof of service of notice would be necessary. By the word "attended," as here used, the legislature undoubtedly meant something more than mere personal presence. It signifies that the party was present and participated in the examination of the witnesses. This is the sense in which it must be understood, and in which we must presume the magistrate used it. And we cannot, for the sake of excluding the deposition, presume that he misapprehended its legal signification, and used it as signifying personal presence only. On this ground, also, I think the court was right in admitting it.

These positions are not overcome by the fact that it appears that the appellant, in the first instance, objected to the examination for want of notice. That objection was preliminary in its character, and if afterwards he took part in the proceeding, it was waived, and went for naught. There is nothing in the point, that the witness resided within thirty miles of the place of trial, since the deposition shows that he

January Term, 1861.

Miller
v.
M'Donald.

lived in the county of Waukesha, and not in the town of Burlington.

Upon the merits, I think the judgment must be reversed. It is well settled that in an action or defense founded upon a warranty, the breach must be clearly and positively proved. To this end it must be shown that the unsoundness existed at the time of the sale, and nothing will be suffered to rest upon mere inference or presumption. There must be a preponderance of testimony tending to show that the article was not then such as it was warranted to be. In this respect the evidence before us is strikingly defective. The subsequent infirmity of the horse in the particulars as to which he was warranted to be sound and healthy, is clearly enough established; but it nowhere appears that it existed at the time of the transfer. This is left entirely to conjecture. The witnesses all speak of it as existing some months after, but the exact time is not stated. The testimony in that particular is very fluctuating and doubtful. No effort seems to have been made to show when it was first detected. No evidence was introduced for the purpose of explaining the nature and causes of the disease; whether it was organic and permanent, or temporary in its character and effect; or whether its subsequent developments were such as would demonstrate that it was of long standing and existed at the time of the sale; or whether they were such as would show that they were recently contracted, or brought on by the subsequent care and treatment of the horse. Evidence of this kind is wholly omitted, and no direct proof whatever is offered to show that the animal was previously unsound. We cannot, therefore, say that the respondent has shown a breach of the warranty. Notwithstanding the facts proved, it may well be that the horse was sound at the time of the respondent's purchase.

The judgment must be reversed, and the cause remanded, with direction that judgment of foreclosure and sale be entered according to the prayer of the complaint.