## BEYMER v. McBRIDE.

1. **Damages:** FOR BREACH OF CONTRACT. In case of breach of a specific contract, if the injured party can protect himself from damages by the use of ordinary efforts, or at a moderate expense, he is bound to do so, and can only recover therefor, and for such damages as could not have been prevented by the exercise of such diligence.

2. —— In an action for damages for breach of contract, evidence that a third person offered to place the plaintiff in a position where his damages would be materially lessened, if not altogether avoided, was held admissible.

Beymer v. McBride.

*Appeal from Union District Court.*

Friday, September 19.

The original petition and the amendment thereto in substance state that about the 18th day of July, 1870, the defendant, representing himself as the owner of an agricultural warehouse in Afton, as the successor of W. H. McBride, and as such owning and controlling certain goods and agricultural implements in said town, and representing that he was general agent, and had power to appoint agencies and manage the sale of the Buckeye reaper and mower, the Pitt's threshing machine, and a large amount of wagons and other agricultural implements and machinery, did sell to plaintiff goods, wares, agricultural implements and machinery to the amount of $825, it being made one of the conditions of the purchase that if plaintiff purchased the goods aforesaid, defendant would appoint plaintiff the sole agent at Afton for Union and adjoining counties for the sale of the Buckeye reaper and mower, the Pitt's thresher and the Mishawaka wagon, together with a large amount of other machinery, and that he would turn over to plaintiff for sale a large number of reapers, mowers, threshers and wagons, together with a very large number of orders for the sale of said machines, with the full commissions and profits upon said orders, upon condition that plaintiff should advance to defendant the amount of freights that defendant claimed he had paid out on the last-named goods for their transportation to Afton, amounting to $376.75. Petition further alleges that he paid for the goods purchased $825, and also the sum of $376.75 advanced for freights, and that in consideration thereof he was to receive the following orders, and machinery to fill the same, to wit:

Seven Buckeye reapers and mowers, of which the commission on sale was $30 for each machine; one Pitt's and one Sweep Stakes threshing machine, upon each of which the commission was $65; three J. H. Manny's reapers and mowers,

upon each of which the commission was $30, and that defendant should turn over to plaintiff twenty-two Buckeye reapers and mowers, upon each of which the commission should be $30 ; three Pitt's threshers, on each of which the commission was $65, and nine Mishawaka wagons, the commissions on which would be $20 each. Petition further alleges that after defendant had obtained the full consideration above named he refused to turn over said orders and said machinery, but caused the machinery to be removed before plaintiff was enabled to enter into possession and take an invoice thereof, and that by reason of the wrongs complained of plaintiff has been put to great loss in the moneys and credits advanced and paid unto defendant, in time expended and costs incurred, in loss of commission on sale of goods, in loss of commission upon the orders for machinery already taken and promised to be delivered plaintiff, in the sum of $1,250.

A demurrer to the petition was sustained in so far as the same claims damages for time expended and loss incurred, and for loss of commission on sales of goods.

The answer is a general denial. Jury trial, general verdict for plaintiff for $468, and also an answer to special question propounded by defendant as follows :

"Did the defendant, at the date of the contract sued on, turn over and deliver to the plaintiff all of the machinery, orders and property which he had agreed to deliver to him? Ans. Yes."

Motion for new trial overruled. Defendant appeals.

*Stuart Bros. & Wilson* for the appellant.

*Gregory & Rowell* for the appellee.

DAY, J. — I. There was evidence tending to show, and the jury returned as their special verdict that defendant, at the date of the contract, turned over and delivered to plaintiff all of the machinery, orders and property which he agreed to deliver to him.

The evidence shows that the threshers and other machines were delivered to plaintiff on the evening of the 18th of July.

On the 20th of July, Livenbarger and Patterson, general agents of Aultman, Miller & Co., took away some of the machinery and put it in possession of Thornton about 100 yards from the place in which plaintiff was doing business.

On the trial of the cause the defendant introduced as a witness A. Thornton, and offered to prove by said witness, as shown by the bill of exceptions, the following facts:

" That the Buckeye reapers and mowers, and the Pitts threshers, mentioned and described in plaintiff's petition, were, on the 20th day of July, 1870, placed in his possession at Afton, Iowa, by the general agents of the owners of the same, with the instructions to permit the said plaintiff to sell or deliver any or all of said machinery on any or all of the orders which had been taken for the same, which said plaintiff Beymer had received from the defendant, McBride, and permit said plaintiff to have and receive all of the commissions due, or to become due on such sales or delivery, the same as though said machinery had remained in his, Beymer's, possession. That the said Thornton immediately informed the plaintiff of the facts above stated. That said machinery remained in the possession of said Thornton, at Afton, Iowa, during the year 1870, and were kept about 100 yards distant from the plaintiff's place of business. That said Thornton and the owners were anxious to dispose of said machinery, and repeatedly stated to plaintiff that he could, at any time, deliver any of said machinery on the orders in his possession, and have and receive all commissions due or payable on such delivery or sale ; and that said plaintiff, during the year 1870, had the privilege of selling or delivering on such orders any portion of such machinery and receiving his full commission thereon the same as though said machinery had remained in his possession."

The bill of exceptions further recites the following:

" Plaintiff objected to the above evidence on the ground that said A. Thornton was not, in making such offer, acting as the agent of defendant — which defendant conceded to be the

fact — and the court sustained plaintiff's objection and refused to permit said witness to testify to said facts, to which ruling defendant at the time excepts."

This ruling was erroneous.

The principal item of damage alleged is the loss of commissions upon the Buckeye reapers and mowers and the Pitts threshers. It is a general principle of law in case of a breach of a specific contract, that if the injured party can protect himself from damage he is bound to do so, if practicable, at a moderate expense, or by ordinary efforts, and he can charge the delinquent party for such expense and efforts, and for such damages only as could not be prevented by the exercise of such diligence. 2 Greenl. on Ev., § 261, and cases cited; *Mather* v. *Butler County*, 28 Iowa, 253, and cases cited.

The importance of the testimony offered is very apparent. If the facts offered to be proved existed, the plaintiff could, without *any* expense or effort upon his part, by simply accepting the offer made, have secured the commissions upon all the orders already taken for the sale of threshers and reapers, and also upon all the sales which he might make, and thus he would have sustained no damage upon this ground.

The fact that Thornton was not the agent of defendant is not material. He was the agent of those having control of the machines and had authority to allow plaintiff the commissions upon sales thereof. If a clerk should be employed for a year and at the expiration of one month should be discharged and immediately should be offered in the same town and under as favorable circumstances the same kind of employment at the same salary and he should refuse to accept it and remain idle during the year and then sue for a year's salary, it would constitute no objection to proof of the offer of employment that the person who made it was not the agent of the defendant. The principle of the case under consideration is the same as of that supposed.

II. The defendant asked the court to instruct the jury as follows: "If you find from the evidence that said machinery was left with A. Thornton & Co., of Afton, Iowa; that plain-

tiff knew that fact, and was also advised by said Thornton & Co., that he could and should have the privilege of delivering any or all of the same on said orders, and that he could and should have the commission due on said orders, on such delivery, the same as though such machinery had been left in his actual possession, then the plaintiff was not damaged by reason of said machinery having been removed from his possession, and could not recover therefor." In the attitude of the case at the time this instruction was asked, in the refusal to give it there was no error. By a previous ruling of the court evidence of the facts to which this instruction applies had been excluded from the jury, and there was no testimony to which the instruction was applicable.

Yet if the evidence had been admitted, as we have seen it should have been, then this instruction should have been given. The only damage which plaintiff claims he sustained because of the removal of this machinery, is his loss of commissions on the sales of the same. If then he had the same opportunity of receiving these commissions as though the property remained in his possession, he sustained no damage from the removal, at least so far as the evidence discloses.

Some other questions have been argued by appellant, but as the cause must be reversed for the reasons already given, and the remaining questions may not again arise upon the new trial, and as we have not been favored with an argument by appellee, we forbear a determination of them for the present.

Reversed.