## L. F. BIRDSONG *v.* JOHN J. ELLIS.

1. CONTRACT. *For certain term. Breach thereof. Attempt to repair. Case in judgment.*

   B., a merchant, having employed E. as a clerk for twelve months at fifty dollars per month, discharged him at the end of the first month and offered to pay him fifty dollars for that month's work. E. declined to accept it. The next day B. expressed his desire that there should be no unkind feelings between them, and requested E. to return to his employment. E. refused to do so, and failed to get other employment until about two months thereafter, when he got business at fifty dollars per month. He sued B. for the breach of his contract and recovered a judgment for one hundred and sixty-five dollars. *Held*, that B.'s request that E. should return must be construed as a proposition that he should resume his employment under the terms of the original contract, and in the absence of any occurrence to render association between them offensive or degrading to E., he should have accepted B.'s proposition, and having refused to do so, he is only entitled to recover the fifty dollars for the month during which he worked for B.

2. SAME. *For term. Breach thereof. Measure of damages.*

   If one employed for a specified term be wrongfully discharged before the expiration thereof, he is entitled to recover of his employer actual damages equal to the amount he would have received if he had been permitted to complete his contract, less what he has earned after his discharge and during the term of his contract, or what he might have earned in that time by due diligence in seeking employment. And if, through willfulness or negligence, he should remain out of business after his discharge, the damages thus occasioned must be his loss.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

The case is stated in the opinion of the court.

*H. C. Conn,* for the appellant.

My theory of defense in this case was, as is indicated by the instruction asked by defense, that while it is true that the discharge of plaintiff by defendant (if it actually occurred, and without cause) ended the then existing contract, yet, it being the duty of the plaintiff to use reasonable diligence to prevent the damage sued for—viz.: loss of wages for want of employment for the term, then his refusal to accept the de-

fendant's unconditional offer to take him back showed want of such diligence and should have confined plaintiff's recovery to the one month's wages already earned. *Prichard* v. *Martin*, 27 Miss. 305.

*W. P. & J. B. Harris*, for the appellee.

Was the proposition of Birdsong for plaintiff's return one which he ought to have accepted, and will his refusal to accept it prevent him from recovering damages for the time he was out of employment?

The court will bear in mind that when Birdsong told Ellis to seek another place and offered him the check and told him it was to be a final settlement, the contract for twelve months was then and there broken by Birdsong, and there was no obligation on Ellis to return. He could sue at once, or he could wait until the end of his term, or he could sue when he got employment elsewhere. See Central Law Journal, October 31, 1884 (No. 18), and case there cited. Nor is he necessarily bound to accept service with the employer who discharged him if offered. See same authority as above (page 344); see also *Prichard* v. *Martin*, 27 Miss. 312.

ARNOLD, J., delivered the opinion of the court.

L. F. Birdsong, a merchant, employed John J. Ellis as a clerk for twelve months, at fifty dollars per month. Ellis commenced and continued service under the contract for one month, when he was discharged by Birdsong, who then and there offered to pay him fifty dollars for the month he had worked as a final settlement between them. Ellis declined to accept the fifty dollars on the terms offered and left the store. On the same or the next day after the discharge, Birdsong met Ellis and told him that he desired that there should be no hard feelings between them and that he was willing to keep him in his employment, and requested him to return to the store and go to work. Ellis refused to do so and was not able to obtain other business until something more than two months afterward, when he was employed by another person at fifty dollars per month. Afterward Ellis sued Birdsong

for damages on the breach of contract and recovered judgment for one hundred and sixty-five dollars, and Birdsong appealed.

The contest in the lower court and here is mainly as to what effect should be given to the offer made by the appellant to take the appellee back into his employment after he had discharged him. The judge below refused to instruct the jury, at the instance of the appellant, that such offer, if proven, barred the appellee from recovering more than fifty dollars, admitted to be due for the one month's service which had been rendered before the discharge.

The jury should have been instructed to that effect. The offer made by Birdsong must be construed as a proposition to Ellis to resume and continue business under the terms of the original contract. If it had varied the terms of the first engagement, or if anything had occurred to render further intercourse or association between the parties offensive or degrading, or if Ellis had engaged in other employment incompatible with his returning, he might have rejected the offer with safety. But the record shows nothing of the kind, and the invitation should have been accepted by Ellis. *Saunders* v. *Anderson*, 2 Hill (S. C.) 486 ; *Prichard* v. *Martin*, 27 Miss. 305.

The well-established modern doctrine is, that if one employed for a specified term is wrongfully discharged before the expiration of the term, the employer is bound to pay him such damages, not to exceed full wages for the whole time specified in the contract, as he may sustain, on account of being discharged. But the employee in such case is required to make reasonable exertion to prevent loss by obtaining other employment, and his recovery is limited to the actual damage he sustains, which is the amount he would have received if he had been permitted to complete the contract, less what he has earned in the meantime or what he might have earned by due diligence in seeking employment. Wood, Law of Master and Servant, 239, 246–7 ; *Hunt* v. *Crane*, 33 Miss. 669.

If through negligence or willfulness he remains out of business after he is discharged, and allows damages to be unnecessarily enhanced, the increased loss justly falls on him. If of his own choice he eats the bread of idleness, he cannot compel his employer

to pay for it. If the employer has done wrong, another wrong committed by the employee is not the remedy provided by law. And this is sound morals as well as settled law. It protects the innocent party to the full extent of his contract as far as actual damages may compensate for loss, and it forces the wrongdoer to make reparation for the injury he has inflicted.

*Reversed.*