HORATIO B. OSGOOD *vs.* D. R. SUTHERLAND and another, impleaded, etc.

December 21, 1886.

**Deposition—Failure to give Notice of Filing—Objections at Trial.—** The effect of a failure to give notice of the return of a deposition is, not to render it inadmissible, but simply to leave the adverse party at liberty to make at the trial all objections to its introduction which he could have made upon a motion to suppress; following *Tancre* v. *Reynolds,* 35 Minn. 476.

**Same —Notice of Taking, signed by one only of a Firm of Attorneys.—** "Russell & Higbee" appeared in the action as plaintiff's attorneys, and signed the summons and the complaint. The complaint was verified by "Robert D. Russell," as one of the attorneys for plaintiff, thus showing upon its face that he was one of the firm of "Russell & Higbee." The notice of taking depositions in the action was signed, "Robert D. Russell, Attorney for the Plaintiff." *Held* that, although irregular, the fact that the notice was signed by one of plaintiff's attorneys individually, instead of the firm, was no ground for excluding the deposition.

**Same—Jurat Unnecessary—Sufficiency of Certificate and Seal.—**The notary who took the deposition attached to it a jurat and also a certificate. The latter was immediately below the former, and on the same sheet of paper. No jurat was necessary. It made no reference to a seal. The language of the certificate showed that it was designed to

be under seal. Only one seal was attached to the paper, and that was on the right-hand margin, immediately above the certificate and below the jurat. *Held*, upon this state of facts, that the seal will be considered attached to the certificate.

Appeal by plaintiff from an order of the district court for Stevens county, *Brown*, J., presiding, refusing a new trial after verdict for defendants in an action for the price of goods sold and delivered.

*Russell, Emery & Reed*, for appellant.

*Brown & Chew*, for respondents.

MITCHELL, J. The court erred in excluding the depositions of Osgood and Moore. It does not appear on what ground the learned judge excluded them, but, in our own judgment, none of the objections urged against them were well taken. The effect of a failure to give notice of the return of the depositions was not to render them inadmissible, but simply to leave the adverse party in position to make at the trial all objections to their introduction which he could have made upon a motion to suppress. Gen. St. 1878, c. 73, § 39; *Tancre* v. *Reynolds*, 35 Minn. 476, (29 N. W. Rep. 171.) Neither is there anything in the objection to the notice of the taking of the depositions. This notice was signed, "Robert D. Russell, Attorney for Plaintiff." "Russell & Higbee" appeared as attorneys for plaintiff in the action, and their name was signed to the summons and complaint. The complaint, however, was verified by Robert D. Russell, as one of plaintiff's attorneys, and thus disclosed on its face the fact that he was one of the firm of Russell & Higbee. The notice may be to a certain extent irregular in being signed by one of the plaintiff's attorneys individually, instead of the firm name, Russell & Higbee. But the defendants could not have failed to understand from whom and in whose interest the notice was given. It fully informed them in what suit, and in whose behalf, and when and where the depositions were to be taken, and the names of the witnesses to be examined, and was signed by one of the attorneys for the plaintiff in the suit. The defendants could not have been misled or prejudiced by this irregularity in the mode of signing the notice, and therefore it was no ground for excluding the depositions. Gen. St. 1878, c. 73, § 39; Weeks, Dep. § 248.

It is objected to Moore's deposition that the official seal of the notary who took it is not attached to his certificate. Immediately below the signature of the witness to his deposition is a jurat, signed by the notary, to the effect that the deposition was subscribed and sworn to before him. Immediately following this, and on the same sheet of paper, is the notary's certificate in the form prescribed by section 37 of the chapter cited. There is but one seal attached to the paper, and that is on the right-hand side, immediately below the jurat and above the certificate. The jurat makes no reference to a seal. No jurat was necessary. The certificate, by its language, "Witness my hand and seal," shows that it was designed to be under seal. Of course, it is of no importance where a seal is affixed,— whether at the beginning, end, or margin. Assuming that a seal was necessary, we would, upon this state of facts, consider this seal as attached to the certificate. We feel warranted in doing so, inasmuch as the objection is merely formal. The chief object of a seal is as evidence of the official character of the notary, and this purpose is as fully served by this seal as if it were at the end of the certificate, or another one attached there. *State* v. *Coyle*, 33 Me. 427; *Olcott* v. *Tioga R. Co.*, 27 N. Y. 546.

The present case is clearly distinguishable from that of *De Graw* v. *King*, 28 Minn. 118, (9 N. W. Rep. 636,) on grounds stated in the opinion in that case. We are unable to concur in the suggestion that it was not prejudicial error to exclude these depositions, because they were immaterial and incompetent as evidence. It is enough to say that at least some parts of them were both material and competent.

Order reversed, and new trial granted.