[S. F. No. 4433.   Department Two.—March 9, 1908.]

## JOHN E. BOLLINGER, Respondent, v. GEORGE Y. BOL-LINGER, Appellant.

MOTION FOR NEW TRIAL—SETTLEMENT OF BILL OF EXCEPTIONS—FAILURE
TO PRESENT IN TIME—WAIVER OF OBJECTION.—Where, after notice
of the settlement of a bill of exceptions on motion for new trial
before the judge the opposing counsel appeared, and the counsel
for the moving party, through inadvertence failed to be present at
the time appointed, and was informed that the judge had sug-
gested that the parties endeavor to settle the bill between them-
selves, to which the opposing counsel made no objection, and agreed
for a meeting for settlement, at which he first objected that the
bill was not presented in time, and urged such objection at the
hearing, his subsequent objection came too late, and was waived.

ID.—MOTION TO DISMISS—ACTION OF COURT IN DENYING MOTION FOR
NEW TRIAL—EXCULPATION FROM NEGLIGENCE.—Where, at the hear-
ing of the motion for a new trial, the opposing counsel moved to
dismiss the motion for failure to present the bill of exceptions in
time, and the order of the court at the hearing, merely denied the
motion for a new trial, its order in effect exculpated the counsel
for the moving party from the charge of negligence.

ID.—APPEAL FROM ORDER DENYING MOTION—PRELIMINARY OBJECTION
TO HEARING.—A preliminary objection to the hearing of the appeal,
from the order denying the new trial, that the bill of exceptions
was not presented in time, is without merit.

ACTION FOR MONEY BY ASSIGNEE—COMPROMISE OF CROSS-COMPLAINT
BETWEEN PARTIES TO ANOTHER SUIT—CONFLICT—VOLUNTARY DIS-
MISSAL—ERROR IN EXCLUDING DEPOSITION.—In an action by an
assignee to recover money alleged to be due to his assignor
for money agreed to be paid for compromise of a cross-complaint
in another suit, upon dismissal thereof, where the evidence is

sharply conflicting as to whether such compromise was made, or the cross-complaint was voluntarily dismissed without promise, it was prejudicial error to exclude an admissible deposition, proving an admission by plaintiff's assignor that he dismissed the suit, because he wanted to, and was glad of it, and never received a cent nor the promise of a cent for it.

ID.—TAKING OF DEPOSITION—JURISDICTIONAL STEPS COMPLIED WITH—CLERICAL MISPRISION IN FORM OF NOTICE — OBJECTION — WAIVER BY CROSS-EXAMINATION. — Where the proper jurisdictional steps to the taking of the deposition were complied with, and the proper affidavit, required by section 2031 of the Code of Civil Procedure had been made; but in service of the notice and papers, there was a clerical misprision in omitting the name of the officer before whom the affidavit was made, objection thereto was waived by attendance of the opposing counsel at the taking of the deposition, and taking part in the cross-examination of the witness, notwithstanding a previous preliminary objection to the examination of the witness, on the ground of defect in the notice.

ID.—RULE OF COMMON LAW AS TO STRICT PURSUANCE OF STATUTES ABROGATED IN THIS STATE.—The rule of the common law that statutes for the taking of depositions in derogation thereof are to be strictly pursued, has no force in this state, by virtue of section 4 of the Code of Civil Procedure.

ID.—OBJECT OF NOTICE—WAIVER—ESTOPPEL. — Even in jurisdictions where the common law applies, the rule is enforced that the object of notice of the taking of a deposition, where other prerequisites of the statute are complied with, is to secure the opportunity of cross-examination, and that if the opposite party appears and cross-examines the witness, this is a waiver of all defects in the notice, or of the fact that no notice has been served; and he ought not to be heard in such case to say that he had no notice.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Charles W. Slack, V. A. Scheller, and Adolph Loessel, for Appellant.

William P. Veuve, and William A. Bowden, for Respondent.

McFARLAND, J.—This is an appeal from the order of the court denying defendant's motion for a new trial. To the hearing upon the merits respondent interposes the preliminary objection that plaintiff's bill of exceptions was not pre-

sented in time.   The facts in this regard are the following:
Defendant's attorneys had presented their proposed bill of
exceptions, and plaintiff's attorneys had presented their pro-
posed amendments thereto in due season.   Defendant's attor-
neys gave notice of the rejection of all of the proposed amend-
ments and named the day and hour at which they would
present to the judge for settlement the proposed bill of excep-
tions and the proposed amendments thereto.   One of the
plaintiff's attorneys was present at the hour named, but
neither of defendant's attorneys appeared.   About an hour
elapsed, when the judge inquired of the plaintiff's attorney
whether the attorneys for the respective parties had conferred
in order to dispose of the objections to the proposed amend-
ments as far as possible, and was answered that they had
not.   The judge then requested that the attorneys of the
respective parties meet and settle the bill of exceptions so
far as possible and thereafter present the same to the judge.
The judge understood the attorney for plaintiff as assenting
to that request, but not as waiving any objection to the set-
tlement of the bill.   Defendant's attorney, Mr. Scheller, who
had charge of the settlement of the bill, was busily engaged,
and through inadvertence forgot the matter until two o'clock
of the same day, when he went immediately to the courtroom
and was informed by the clerk of the court that court was
adjourned for the day.   He was told also of the request which
the judge had made to plaintiff's attorneys, and that plaintiff's
attorney, Mr. Veuve, had made no objection thereto.   On
the same day Mr. Scheller saw Mr. Veuve and asked him
when they could take up the settlement of the bill.   Mr.
Veuve answered that he could not state what could be done
in that matter until he had consulted with Mr. Bowden, his
associate attorney in the action.   Mr. Scheller, relying upon
that answer, did not give further notice that the bill and
objections to it would be presented to the judge for settle-
ment.   Subsequent to this, the attorneys did meet, and dis-
posed of most of the objections to the settlement of the bill
without the intervention of the judge, though at this meeting
Mr. Veuve objected to the settlement of the bill upon the
ground that it had not been presented to the judge or left
with the clerk for settlement within the time prescribed by
law, Mr. Scheller always contending that such objection had

been waived.    The judge stated that he regarded it as his
duty under the circumstances to settle the bill and did so.
At the hearing of the motion for new trial plaintiff's attorney
formally objected and moved to dismiss the motion upon the
ground above stated.    The order of the court in the matter is
as follows: ''Thereupon said motion is presented to the court
and submitted for consideration and decision, and the court
being fully informed in the premises now orders that said
motion be and the same is hereby denied.''    This order in
legal effect, exculpates the defendant from the consequences
of his negligence, whatever that negligence may have con-
sisted of.    In fact the negligence itself was of the slightest
character.    He appeared in court, though tardily, upon the
day set in his notice.    He was informed of the arrangement
which the judge had suggested, that the attorneys should
confer, and of the fact that plaintiff's attorney made no
objection thereto.    He interviewed plaintiff's attorney upon
the same day, to fix the time for their conference, and was
not then advised that any objection would be made to the
settlement, but merely that Mr. Veuve would have to consult
with his associate before naming a day.    It will be remem-
bered that Mr. Veuve voiced no formal objection before the
judge, nor yet to Mr. Scheller, at the time of their interview.
His subsequent objection came too late.    In *Hicks* v. *Masten,*
101 Cal. 651, [36 Pac. 130], under a similar state of facts
this court said: ''The time at which the want of notice should
have been urged was when the court fixed the time for the
settlement and requested him to be present; and his failure
to object then, and his assent, implied in the statement that
he would be on hand, should have been held a waiver of any
other or different notice.    Objections of this character should
be made at the earliest opportunity, or, at least, when
the party is first required to speak in relation to it.''    It is
therefore held that respondent's preliminary objection to the
hearing of this appeal is without merit.

The single proposition presented upon the appeal is, Did
the court in excluding a certain deposition commit error
harmful to appellant's rights?    To the better understanding
of the court's ruling and of its consequences, the following
facts are pertinent.    George Y. Bollinger, defendant herein,
and David A. Bollinger (plaintiff's father and assignor) were,

with others, defendants in an action pending in the superior court of the county of Santa Clara. David had filed an answer and cross-complaint against his co-defendant George. Subsequently he dismissed his cross-complaint. In this action a recovery against George for ten thousand dollars is sought upon the ground that the cross-complaint was dismissed pursuant to an oral agreement between David and George made by way of compromise, to the effect that George would pay ten thousand dollars for dismissal. The evidence upon the trial was sharply conflicting. David and his son John, plaintiff herein, testify to a conversation at which they and the defendant George alone were present, at which the agreement was made. This is squarely denied by George. It was shown on cross-examination of David that while he was contending that George owed him this ten thousand dollars he borrowed from him five hundred and seventy-two dollars, and gave him his promissory note therefor. David could not explain and did not know why he had given the promissory note. There was some testimony to the effect that David had on several occasions asked George for the ten thousand dollars. This again is positively denied by George. George in turn testified that after the dismissal of the cross-complaint a conversation took place at his home at which there were present, David, himself, Hattie E. Bollinger, his wife, and Marian Allen, his wife's mother. George testifies that upon this occasion David said, in the presence and hearing of all, that he had been accused of being bought off for dismissing the case, and that the fact was that he had never got a cent nor ever got the promise of a cent. George's testimony to this effect is corroborated by his wife, and, in turn, is positively denied by David.

So much has been stated to show how sharply conflicting was the evidence and how diametrically opposed were the statements of the interested witnesses. The case presented is one where corroborative or cumulative testimony upon any of the disputed matters must have proved of great value. The testimony of Mrs. Allen in the rejected deposition was that David said to her upon the occasion above referred to, "By the way, I have seen the Pullans. They accuse me of receiving money or going to get money to dismiss the suit. I never have received a cent nor the promise of a cent. I dismissed

the suit because I wanted to and I am glad of it." This testimony, if true, amounts to an admission by David that he had no contract or agreement with George, and thus drags down the very foundation of the cause of action here pleaded. If true, the cause of action must fail, saving upon the one theory that in the making of this admission David deliberately lied, and, if so, this circumstance itself is important as affecting the credibility to be given to his testimony. But we need not prolong this consideration. It is all-apparent that the rejected evidence was material and important.

The deposition was taken by virtue of the provisions of sections 2021, subdivision 3, and 2031, 2032, Code of Civil Procedure. The affidavit required by section 2031 had been made. In the copy of the papers served on the plaintiff, the affidavit was set forth and was defective only in this, that the name of no notary or other officer authorized to administer oaths appeared thereon. It did so appear upon the original, and, indisputably, the omission in the copy was but a clerical misprision. Plaintiff's counsel attended at the taking of the deposition, and, after objecting, remained and cross-examined the witness. In behalf of the ruling of the trial court in suppressing the deposition, respondent invokes the rule that the statutes authorizing the taking of depositions are in derogation of the common law, and must be strictly pursued, and that such irregularity as above indicated warrants, if it does not command, the exclusion of the document.

But whatever force may be attached to this proposition in forums where the rules of common law are strictly pursued, it has no force in this state, by virtue of section 4 of the Code of Civil Procedure, which distinctly declares that the rule of the common law that statutes in derogation thereof are to be strictly construed has no application to the Code, and that its and all proceedings under it are to be liberally construed with a view to effect its objects and to promote justice. Even in the federal courts, where the common law furnishes the rules for procedure, and where, as in this state, there is no statute ameliorating its sometimes harsh provisions, it is said, in a case like this: "Being in derogation of the rules of the common law, the formalities prescribed by the act must be observed; and many cases can be found in which such depositions have been rejected, because it did not

appear that the required conditions or formalities had been observed. They are all, however, cases in which the party objecting did not attend the cross-examination of the witness, or took no part in it." (*Shutte* v. *Thompson,* 15 Wall. 151.) Indeed, it may be set down as the universal rule that where the jurisdictional steps prescribed by the statute for the taking of the deposition have been complied with, and the defect is an irregularity in the form of notice, such a defect is waived and cured by the appearance of the opposing counsel at, and the participation in, the taking of the deposition. Of course, the rule is to the contrary if the error be substantive, going to a failure to comply with any of the prerequisites in obtaining the order for the taking of the deposition. Says 1 Greenleaf on Evidence (16th ed., sec. 163b), "The whole object of the notice being the opportunity to cross-examine, the deposition is receivable if there was actually a cross-examination or an attendance for it, even though the notice was formally defective." And says Jones (3 Jones on Ev., sec. 689) : "It is a familiar rule that defects in the notice or in other steps incident to the taking of the deposition may be waived, either by the acts of the parties or by express stipulations. Thus, if a party or his attorney appears and cross-examines a witness, this is a waiver of all defects in the notice or of the fact that no notice has been served. This rule rests upon the ground that, when a person avails himself of the privilege which a notice is designed to give, he ought not to be heard to say that he has had no notice." (See, also, *Miller* v. *McDonald,* 13 Wis. 673; *Erwin* v. *Bailey,* 123 N. C. 628, [31 S. E. 844] ; *Long* v. *Straus,* 124 Ind. 84, [24 N. E. 664] ; *Ryan* v. *People,* 21 Colo. 119, [40 Pac. 775] ; *Wallingford* v. *Western Union Tel. Co.,* 60 S. C. 201, [38 S. E. 443, 629] ; *Osgood* v. *Sutherland,* 36 Minn. 243, [31 N. W. 211] ; *Hunt* v. *Crane,* 33 Miss. 669, [69 Am. Dec. 381] ; *Goodfellow* v. *Landis,* 36 Mo. 168; *Kelly* v. *Ning Yung Benevolent Assoc.,* 2 Cal. App. 460, [84 Pac. 321].)

For these reasons the judgment and order appealed from are reversed and the cause remanded.

Henshaw, J., and Angellotti, J., concurred.