Batesville-Southwestern R. Co. *v.* Vick.

[99 So. 7. No. 23905.]

(Division A. Feb. 18, 1924.)

Master and Servant. *Discharged employee required to seek other employment to prevent loss.*

If a servant employed for a specified time is wrongfully discharged by the master before the expiration of his term, he is entitled to recover such damages not to exceed his full wages for the whole time provided for by the contract of employment as he may sustain on account of being so discharged. But in such case the servant is required to make reasonable exertions to prevent loss by obtaining other employment, and if the servant either willfully or negligently remains out of employment after he is discharged, and thereby enhances his damages, the increased loss must fall upon him.

APPEAL from circuit court of Panola county.

HON. GREEK L. RICE, Judge.

Suit by P. T. Vick against the Batesville-Southwestern Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Lowrey & Lamb,* for appellant.

Appellant owns and operates a logging railroad. It does not operate any train for passengers only, but for the accommodation of its passenger traffic has one coach attached to its log train.

Appellee was employed by appellant two or three years before this suit was filed. He worked in various capacities, such as carpenter, car repairer, car distributor and in the machine shop at Crowder. He had requested the superintendent to promote him to the position of conductor. In November, 1922, the appellee was put in charge of the train as conductor and was paid at the rate of one hundred twenty-five dollars per month. On January 10th the superintendent wrote Mr. Vick that, on account of decrease in business, it would be necessary to reduce the force of the company to a minimum, and that his services would not be needed after January 31, 1923. Mr. Vick was paid for the first half of January. On the 17th day of January he was informed that the station agent at Crowder would perform the work of conductor as well as that of agent at Crowder from that day on, and that his, Vick's services would be used in the shop at Crowder until February 1st, at the same salary he had been receiving. Mr. Vick declined to do any more work for the company during January and brought suit for sixty-two dollars and fifty cents.

The appellant asked a peremptory instruction which the court refused. The appellant also asked an instruction to the effect that if Mr. Vick with exercise of diligence could have earned as much during the remainder

of January, 1923, after he was taken off of the train, as he was paid while on the train that he was not entitled to recover. This instruction was also refused.

The court instructed the jury that if it believed from the evidence that plaintiff below was employed as conductor until January 31, 1923, it was the duty of the jury to find for the plaintiff in the sum of sixty-two dollars and fifty cents.

Mr. Vick's contention is that as he was paid at the rate of one hundred twenty-five dollars per month the company was under the obligation to employ him as conductor the whole of any month of which he worked the first day. But he admits that he had no oral or written contract, expressed or implied, for his services by the month, or for any particular length of time. The superintendent states very positively that no contract was made with him for any definite length of time, but that he was simply employed during the pleasure of the company, and paid at a monthly rate.

The peremptory instruction asked by the defendant should have been given. *Y. & M. V. R. R. Co.* v. *Monroe*, 110 Miss. 550, 70 So. 689. When he was offered employment at home of the same kind that he had been doing for several years, and at the same salary, and this offer was refused, he forfeited his right to any verdict at the hand of a jury for the time he idled away during the latter half of January. The correct rule of law and of morals is stated in the case of *Birdsong* v. *Ellis*, 62 Miss. 418; Wood, Law of Master and Servant, 239, 246-7; *Hunt* v. *Crane*, 33 Miss. 669.

The instruction given for the plaintiff on which the jury must have based its finding is in direct conflict with the law. This instruction leaves entirely out of view the idea that the discharged employee is under some duty to lessen his damages by earning what he can, although he was wrongfully and unlawfully discharged.

*James B. Boyles,* for appellee.

Counsel for appellant take the position that because the appellee had worked in the past for the appellant in the shops that it was his duty to complete the balance of the month in the shops when the job was offered him. The appellee was employed as a conductor and not as a car knocker, and he had the right to complete his contract of employment in this and no other position, although he may have been a section hand in the past for the appellant. It stands to reason that any one employed in the capacity of a conductor could not be dismissed from that line of work and tendered a job as a section hand shoveling gravel to complete his contract of employment.

There being nothing in the entire testimony that shows either party could terminate the contract before the expiration of the month, it necessarily follows that the case of *Y. & M. V. R. R. Co.* v. *Monroe,* 110 Miss. 550, 70 So. 689, cited by counsel for the appellant is not in point. There was no error committed by the court below in giving and refusing the instruction discussed by Counsel. This was a case for the jury to pass upon, and the verdict of the jury was in accord with the law and evidence.

Anderson, J., delivered the opinion of the court.

Appellee, P. T. Vick, sued appellant, Batesville-Southwestern Railroad Company, in the circuit court of Panola county, and recovered a judgment for sixty-two dollars and fifty cents and costs, from which judgment appellant prosecutes this appeal.

Appellee was employed by appellant as a conductor in charge of its train running from Batesville to Crowder. Appellee's evidence tended to show that appellant violated said contract of employment by discharging him in the middle of the month. Appellee contended, and his

evidence tended to show, that he was employed by the month.

The court refused an instruction asked by appellant to the effect that if appellee by the exercise of reasonable diligence could have earned as much during the remainder of the month in which he was discharged as appellant was paying him then, he was not entitled to recover anything; and also refused another instruction requested by appellant to the effect that unless appellee used due diligence to obtain employment for the remainder of the month in which he was discharged, he was not entitled to recover. And the court gave an instruction for appellant which said to the jury, in substance, that if they believed from the evidence appellee was employed by appellant by the month and was discharged in the middle of the month, they should return a verdict for appellee for half month's salary at one hundred twenty-five dollars per month.

If a servant employed for a specified time is wrongfully discharged before the expiration of his term, he is entitled to such damages, not to exceed his full wages for the whole time provided for by the contract, as he may sustain on account of being so discharged. But in such case the servant is required to make reasonable exertion to prevent loss by obtaining other employment, and his recovery is limited to the actual damages he sustained, which is the amount he would have received if he had been permitted to complete the contract less what he has earned in the meantime or what he might have earned by due diligence in seeking employment. If a servant either willfully or negligently remains out of employment after he is discharged, and thereby enhances his damages, the increased loss must fall upon him.

"If of his own choice he eats the bread of idleness, he cannot compel his employer to pay for it." *Birdsong* v. *Ellis,* 62 Miss. 418.

Only the one instruction was given for appellee. Under the evidence, that amounted to practically a peremptory instruction for appellee.

The requested instructions for appellant refused by the court should have been given.

*Reversed and remanded.*