## DARY *v.* THE CAROLINE MILLER.

(*District Court, S. D. Alabama.* October 15, 1888.)

1. SEAMEN—DISCHARGE—SHIPPING ARTICLES—CONSTRUCTION.
  Shipping articles providing for "a voyage from Philadelphia to Galveston and one or more ports in the United States, for a term not exceeding two months," stipulate for one voyage only, and not for one or more; and, a voyage having been made to Galveston and thence to Mobile, the seaman may there be discharged.

2. SAME—WRONGFUL DISCHARGE—DAMAGES—WAIVER.
  Where a seaman has been wrongfully discharged, and on the same day the master offers to take him back and carry him on the return voyage, and

thereby save him any loss which he may sustain from the discharge, a refusal to accept such offer is a waiver of all damages which might be recovered for the wrongful discharge.

3. SAME—REMEDIES—WAGES NOT DUE.

A seaman wrongfully discharged before the expiration of his term of service cannot maintain a libel for wages not yet due; but, having filed such libel, may amend it so as to claim damages for a breach of contract.

In Admiralty. Libel by Dary against the Caroline Miller for balance of wages due. On exceptions to libel.

*Smith & Gaynor*, for libelant.

*R. H. Clarke* and *Pillans, Torrey & Hanaw*, for vessel.

TOULMIN, J. It was conceded on the argument in this case that under the existing law the libelant was not entitled to recover one month's extra wages under section 4527 of the Revised Statutes, it being admitted that that section had been repealed so far as vessels engaged in the coastwise trade were concerned. Exceptions 1 and 2 are therefore well taken. The libel shows that the libelant shipped as a seaman on July 28, 1888, and was discharged on August 19, 1888, and paid up to and including that day. The libel was filed on August 20, 1888, and in it the libelant sues for the balance of the month's wages which he had begun to earn, but which were not due until the expiration of the month, to-wit, the 28th August, 1888; the wages stipulated for in the articles being $25 per month. Clearly he could not sue for and recover the balance of his wages until they were due. His libel seeking to recover the balance of wages, being filed before they were due, cannot be maintained. But if he was wrongfully discharged,—that is, was discharged before the expiration of his term of service without cause,—he could maintain a libel for damages for a breach of contract, and he would be allowed now to amend his libel so as to claim such damages. Was he wrongfully discharged? It appears by the libel that he was discharged without fault on his part. Then, did the master have the right under the shipping articles to terminate the libelant's connection with the vessel? Could the libelant on the arrival of the vessel at Mobile have quitted her without the master's consent, and without rendering himself liable to be treated as a deserter? If, under the contract, he had the right to sever his connection with the ship, the ship possessed the same right. A case like this in principle was decided in the Southern district of New York, (*The Edwin,*) to be found reported in 23 Fed. Rep. 255. There the libelants shipped as seamen, and signed articles for a voyage from a port in South America to Hampton Roads for orders, and to any port or ports in the United States or Canada; the voyage not to exceed eight calendar months. The vessel proceeded to Hampton Roads, and there received orders, and thence sailed to New York, where she discharged her cargo. The libelants shipped in January, 1884, and arrived in New York in June, 1884. The libelants thereupon quitted the ship. The master, claiming that the shipping articles bound them to the ship for eight months, entered them in the log as deserters, and refused to pay the balance of wages up to the time they left. They libeled the vessel.

The court held that the articles provided for only one voyage, not for one or more voyages, during eight months; that the one voyage stipulated for ended at New York. The libelants were entitled to their discharge in New York, and could not, therefore, be treated as deserters. They were decreed their wages up to the time they left. In this case the articles provided for "a voyage from Philadelphia to Galveston and one or more ports in the United States, for a term not exceeding two months." The libel shows that the voyage was made to Galveston, and thence to Mobile, a port in the United States, where the libelant was discharged. The articles in this case did not stipulate for one or more voyages, but for one voyage only. It ended at the port of Mobile. It does not appear that the vessel had a cargo to be delivered at any other port. It appears she received a cargo at Mobile for New York, and was about to proceed to the latter port. But that was a new employment, and a new voyage; a different one from that on which libelant shipped. As, in my judgment, the voyage stipulated for was ended at the port of Mobile, either party had the right under the contract to terminate his relations with the other there. The discharge of the libelant was therefore not wrongful. But suppose it was wrongful, and he was entitled to recover damages therefor. It appears from the libel he was paid up to August 20, 1888, and that on that very day the master offered to take him back, and to carry him on to New York, as libelant claimed was his right to demand; but libelant declined the offer, and refused to restore his relations with the ship, and thereby save himself any loss which he might otherwise sustain by reason of such wrongful discharge. By such refusal he placed himself in default, and absolved the master from all obligations to him under the alleged contract. Wood, Mast. & Serv. 269. The exceptions to the libel are sustained.