EUGENE HOWARD, Respondent, v. VAUGHAN-MONNIG SHOE COMPANY, Appellant.

**Kansas City Court of Appeals, January 8, 1900.**

1. **Master and Servant: CONTRACT: DISCHARGE: EVIDENCE.** The evidence is reviewed and found to show a contract for a year with a privilege of discharging a servant on two weeks' notice, and discharge without such notice was unlawful and entitled the servant to recover for the balance of the year.

2. ———: DISCHARGE: ISSUE: INSTRUCTIONS. On the evidence and instructions it is held that the theory of the plaintiff was that he was entitled to two weeks' notice and that of the defendant that plaintiff was subject to discharge without such notice.

3. ———: ———: EVIDENCE OF EMPLOYMENT: MITIGATION. One employed for a definite period and wrongfully discharged prior to its expiration should accept similar service and his earnings will mitigate the damages, but the servant is not compelled to accept an offer from his former master in such way as would operate an abandonment of his rights under a former contract; and evidence on such offer and refusal to accept, is properly refused.

4. ———: EVIDENCE: HEARSAY. Though a fact within the knowledge of a witness may in itself be material, it will not authorize the introduction of a mass of hearsay intermingled with it in the same answer and the whole should be ruled out together.

5. **Practice, Trial:** REMARK OF COURT: EXCEPTION. Where no objection or exception is taken at the time to the remark of the court in striking out certain inadmissible evidence, harm can not be said to result from such remark.

Appeal from the Cole Circuit Court.—*Hon. D. W. Shackleford*, Judge.

AFFIRMED.

*F. M. Brown* and *Edwin Silver* for appellant.

(1) The court erred in refusing to permit defendant (on plaintiff's cross examination as a witness) to show, that shortly after his dismissal from defendant's service it offered to take him back for the additional two weeks claimed by him. This was competent in mitigation of damages. Bigelow v. Powder, 39 Hun. 599; Mitchell v. Toale, 27 S. C. 238. (2) The court further erred in striking out at plaintiff's request, the testimony of the witness, Mönnig, that he saw plaintiff and one Walsh in a fist fight within the penitentiary, and just outside of defendant's office. Pope v. Lathrop, 46 N. E. Rep. (Ind.) 154. (3) An instruction is erroneous which puts to the jury hypothetically facts of which there is no evidence. McAtee v. Valandingham, 75 Mo. App. 45;Stokes v. Distillery Co., 64 Mo. App. 420; Benjamin v. Railway, 50 Mo. App. 602; Cottrell v. Spiess, 23 Mo. App. 35; Craighead v. Wells, 21 Mo. 404; State ex rel. v. Hope, 102 Mo. 410; Gorham v. Railway, 113 Mo. 409; Stone v. Hunt, 114 Mo. 66. (4) Where two or more instructions are inconsistent, the judgment will be reversed. Legg v. Johnson, 23 Mo. App. 590; Stone v. Hunt, 94 Mo. 475. (5) So an instruction intrinsically inconsistent is erroneous. Wood v. Steamboat, 19 Mo. 529; Seymour v. Seymour, 67 Mo. 303. (6) So instructions are erroneous if

not set forth in plain and unambiguous language. Young v. Ridenbaugh, 67 Mo. 574; State v. Pettit, 119 Mo. 410; Legg v. Johnson, 23 Mo. App. 590.

*Edwards & Edwards* for respondent filed an extended argument.

ELLISON, J.—This action is for breach of contract of hiring. Plaintiff recovered in the trial court.

Since the verdict was for plaintiff, we will assume the facts to be as the evidence in his behalf tends to prove them. Defendant is engaged in the manufacturing of shoes in the state penitentiary at Jefferson City and has in its employ a number of convicts as well as some others who are not convicts. Plaintiff was of the latter class and was engaged by defendant to work for it as a "treer" for a short period on trial, to ascertain if his work was satisfactory; and if it was, he was to continue in defendant's service for one year at a salary of $15 per week with the privilege of discharging him, by giving two weeks notice, if the performance of his services should prove unsatisfactory. The probationary service began in the first part of April and being satisfactory to defendant, after a test of two or three weeks, the engagement was made final under the terms just stated. Plaintiff worked until November 20, following when defendant without stating any cause and without giving any notice discharged him against his protest, he claiming he had not received notice as agreed upon. Several days after his discharge defendant offered to let him return to work for a period of two weeks and he rejected the offer. He recovered judgment for the period between November 20 until the end of the year at the rate of $15 per week, less $25 he earned in the meantime at other employment.

Defendant's answer admitted the employment but denied it was for a year or that plaintiff should have had two weeks notice before discharge, or that his work was satisfactory to defendant, and alleged that the employment was by the week

and claimed the right to discharge plaintiff at the time it did. The answer did not allege any cause for plaintiff's discharge.

Plaintiff asked one general instruction, which was given, and defendant asked three, which were also given. The instruction for plaintiff is objected to but we find that it fairly covers plaintiff's case as made out by the evidence in his behalf and hence approve it. The objections made to it will be embraced in what follows as to the evidence generally.

Defendant says that the evidence does not tend to show that plaintiff was first to work on trial and then, if satisfactory, to be engaged for one year. And that the instruction contained two opposite theories, viz.: That plaintiff was hired for a year and that he had been discharged without giving him two weeks notice. The objection is not sound in the view we take of the contract as made out by plaintiff's testimony. That testimony is awkwardly given, but we can not disregard it for that reason, if it shows under fair and reasonable interpretation what is meant. Without giving the language, our interpretation of the contract is that it was for a year's employment, if plaintiff's work continued to be satisfactory, at the rate of $15 per week, with the privilege of discharge, if the work was unsatisfactory, by giving two weeks notice; but the engagement was not to be binding until plaintiff had served a short time in order that defendant might ascertain if he was the sort of man it wanted. We think the record shows that defendant's counsel and officers so understood it. Defendant's superintendent, who hired plaintiff, says he told plaintiff that he would not think of hiring him "without giving him a trial." He answered the following questions asked by defendant's counsel: "Q. You heard Mr. Howard's testimony here that you were to hire him for a year; that you were to give him two weeks' notice in case of discharge? Did you so hire him? A. I did not. Q. On what terms did you hire him? A. I hired him simply at $15 a week to come to work there. And

if his work was satisfactory naturally he would hold his job. Q. What was your custom in regard to hiring? A. I hired men just by the week."

This discloses that it was understood at the trial that one side was showing a year's hiring, with privilege of discharge on two weeks' notice, and the other, that it was merely a hiring by the week. So an instruction was given at defendant's instance which submitted the hypothesis of defendant's agreeing to give two weeks' notice.

It is urged by defendant that since plaintiff, at the time, put his objection to being discharged solely on the ground of not having received the two weeks' notice, he can not afterwards change front and put his case on any other theory. If we concede defendant's authorities in support of this proposition are applicable to this case in a proper state of evidence, we think the evidence as preserved will not justify their application. Plaintiff testified that defendant's superintendent handed him his pay envelope with the statement that they would "have to part company;" that plaintiff replied: "that is hardly the agreement. And he says, 'how is that?' I says, 'when you hired me you agreed you would give me two weeks' notice.' He says: 'I don't remember it.' I says, 'I do remember it distinctly.' He says: 'I'll give you another week's pay.' I says, 'no, sir, don't my work suit you?' He says: 'I'll give you a good recommendation.' I says, 'I want my two weeks' pay, or two weeks' notice.' And he says: 'get what things belong to you;' and I walked out." Here defendant assigned no cause for the discharge and plaintiff realizing that under the contract he had not the right in any event to discharge without the two weeks' notice reminds him of that fact, and asks him if his work is not satisfactory, and then receiving the evasive answer from the superintendent he claims his right to the notice agreed upon. Certainly there was nothing in this to show that plaintiff abandoned or waived the remainder of his contract. According to this testimony of plaintiff, which we

accept as true, the superintendent did not treat him candidly. He did not tell him the cause of his discharge and was evidently asserting an absolute right of discharge, a right claimed by him at the trial.

But besides the foregoing, defendant, by raising the point now, is endeavoring to shift the ground here from that taken at the trial. All of its instructions were given, and no such hypothesis was submitted. They are as follows:

"1. The court instructs the jury that if the defendant employed plaintiff simply by the week and without agreement to give him two weeks' notice in case of dispensing with his services, and on so dispensing with said services paid plaintiff all that was owing him up to that time, then plaintiff can not recover in this action.

"2. The burden of proof is on the plaintiff to establish by the greater weight of the evidence to the satisfaction of the jury the alleged agreement or contract with defendant relied on by plaintiff as grounds for recovery in this action.

"3. The court further instructs the jury that if plaintiff disobeyed reasonable and proper orders relating to his work or conduct as defendant's employee, and was discharged because of such disobedience, then plaintiff can not recover in this action."

As has been before stated, a few days after plaintiff was discharged defendant offered to allow plaintiff to return to work for two weeks, and to pay him for that time if he would so return, but not otherwise. Evidence of this was ruled out by the trial court. Defendant claims it should have been heard in mitigation of the damages. We think the ruling was proper. Ordinarily, one hired for a definite time and wrongfully discharged prior to that time, should accept an offer to do similar work and his earnings will mitigate the damage. But where the offer of opportunity to so work is made by the wrongdoer in such way, or under such circumstances that its acceptance would force an abandonment of his rights

under his contract of employment, he is under no obligation to accept. If plaintiff had accepted this offer at that time and under those circumstances, it would have been an abandonment of his right to a year's employment if his work was satisfactory. It would have amounted to a compromise of the matter by mutual concessions—defendant conceding that he should have two weeks' notice and plaintiff conceding that he could be rightfully discharged on such notice, notwithstanding he performed his work satisfactorily.

While defendant's statement of the contract was that the hiring was by the week, with a right of discharge at any time, it claimed that plaintiff justified the discharge by a disobedience of orders in holding communication with another department of the work, and finally engaging in a "fist fight" with the foreman. Plaintiff explained what communication he had, and why he had it, and the matter was submitted to the jury by defendant's third instruction above set out. But at one part of the examination of the defendant manager, in answer to the question whether he knew the cause of the discharge, the answer was of some length and consisted chiefly in hearsay. Indeed, the whole answer was hearsay, except a sentence in which he stated that he saw the fight. The answer was stricken out. Conceding the relevancy of the fact of plaintiff's engaging in a fight as showing such disorderly conduct as to justify his discharge, it is sufficient to say that the witness, who was defendant's general manager, had no right to mingle the statement in with a lot of other clearly irrelevant and hearsay matter. But be this as it may, the whole subject was afterwards admitted in evidence disentangled from hearsay and was fully put before the jury. After ruling on the verbal motion to strike out the answer, and after defendant's exception, the court remarked that it was "collateral matter." No objection or exception was taken to the remark, and in view of the fact that it got to the jury we can not see where any possible harm could result from the remark. It not only was put before the

jury but under a direct ruling by the court on plaintiff's motion that it be stricken out.

We have gone carefully over the record, perhaps considering some matters of objection not justified by the answer, and finding no error materially affecting the merits of the case we affirm the judgment.  All concur.