## AMERICUS GROCERY COMPANY *v.* RONEY.

1. If a merchant employed a traveling salesman for a year at a fixed salary, and during the continuance of the term sought to change the contract by substituting a percentage on sales in lieu of a definite salary; and if, upon refusal of the employee to make the change, the employer declined to proceed with the contract or continue the employment except upon condition that such change should be accepted, and thereby the salesman was prevented from further performance of the contract, this amounted to a breach of the contract on the part of the employer, which would authorize a recovery by the employee.

2. The evidence was sufficient to authorize the verdict, and there was no error in overruling the motion for a new trial.

Argued May 23,—Decided August 9, 1907.

Action for breach of contract. Before Judge Littlejohn. Sumter superior court. March 7, 1906.

*Shipp & Sheppard,* for plaintiff in error.

*Allen Fort & Son,* contra.

LUMPKIN, J. Roney sued the Americus Grocery Company, claiming that he had been employed for a year at a fixed salary, but had been discharged during the year, without lawful cause. He recovered a verdict. The defendant moved for a new trial. It was refused, and the defendant excepted. If the plaintiff's evidence was true, he was employed for a year at a fixed salary. Before the time had expired, his employer desired to change the contract so that he should work for a commission instead of at a certain salary. He was unwilling to this; and the employer would not allow him to work further under the contract made, unless he would accept a commission in lieu of a salary. He offered to continue work under the original contract, but the employer would not permit this. There was some conflict in the evidence, but two telegrams sent by the defendant to the plaintiff, while he was traveling for it, quite strongly support his contention. On December the 30th, 1900, he wrote to the defendant company a letter in which he said: "My contract expires with you on August 15th, 1901. I will continue to work on salary until that time." On the next day the defendant telegraphed to him as follows: "None of our employees have any time contracts. The proposition made best can do. Answer whether satisfactory or not." To this he replied by telegram, "My letter of yesterday is my answer to your telegram." The defendant responded, "Our telegram final so far as we are concerned."

If an employer has a contract with his employee for a definite time at a fixed salary, he has no legal right during the term to demand of the employee that the latter shall release him from the contract as made and accept a commission upon goods sold, in lieu of a salary agreed upon. If the employee complies with his contract, he has a right to insist that the employer shall do so likewise. He is not compelled to accede to a proposed change in it. If the employer declines to proceed with the contract unless the

change is made, in spite of the refusal of the employee to make it, this is a breach of contract on the part of the employer. Such a case is made by the plaintiff's evidence, and while there was some conflict, the issue was determined by the jury in his favor.

It was contended, that if the plaintiff had accepted employment on a commission, he would have made earnings, and that this would have diminished his damages, if it would not have prevented any from accruing; and that it is the duty of an employee, if he be discharged, to mitigate the damages by earning what he can during the term of the employment. Had he agreed to the change, he would have had no right of action at all, whether he was damaged or not. The law will not put him between two horns of a dilemma by saying to him, "If you agree to accept commissions in lieu of a salary, you will have no right of action, because there will be a mutual alteration of the original contract. If you decline to agree to the proposed change, it can be urged against you that you might have earned as much as under your contract, or at least something. In the one event, you can not recover at all. In the other, your recovery must be diminished by what you might have made as a commission." This would be equivalent to saying to the plaintiff that he must give up his right of action entirely, in order to try to prevent damages accruing from the breach of the contract. The law does not impose such a condition upon a contracting party who insists upon his contract. He is not required to yield the whole right in order to diminish the damages in part.

The evidence authorized the charge to which exception was taken, and also the finding of the jury.

*Judgment affirmed. All the Justices concur.*