S. I. REDFIELD, Appellee, v. BOSTON PIANO & MUSIC COMPANY, Appellant.

**PLEADING:** Motions—Striking Nondefensive Matter—Master and 1 Servant. Nondefensive matter is properly stricken on motion. So held where, in an action for damages for the wrongful discharge of a servant, the master pleaded that, prior to the contract of employment, the servant had represented that he was a skillful salesman; but did not plead that the representation was *false.*

**PLEADING:** Issue, Proof, and Variance—Evidence Admissible. 2 Principle recognized that one may not prove that which he has not alleged.

**APPEAL AND ERROR:** Harmless Error—Failure to Show Nature 3 of Answer Sought. Error may not be predicated on the exclusion of general and indefinite questions, accompanied with no showing concerning the nature of the answers which were sought to be elicited.

**MASTER AND SERVANT:** The Relation—Wrongful Discharge— 4 Defense. A master may not, in defense of an action for wrongful discharge, plead and prove that he offered to retain the servant in his employ at a reduced wage.

**MASTER AND SERVANT:** The Relation—Wrongful Discharge— Defense. A master may not, in defense of an action for wrongful discharge, plead and prove that the servant, since the discharge, has made "profits" out of his business ventures, and should account therefor.

**EVIDENCE:** Relevancy, Competency, and Materiality—Master and Servant—Correspondence Relative to Discharge. In an action by a servant for wrongful discharge, the correspondence relative thereto which passed between the parties may become competent, relevant, and material.

*Appeal from Johnson District Court.*—R. P. HOWELL, Judge.

DECEMBER 11, 1917.

REHEARING DENIED MARCH 18, 1918.

ACTION at law to recover upon a contract of employment. There was a verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*C. H. Van Law* and *O. A. Byington,* for appellant.

*Dutcher, Davis & Hambrecht,* for appellee.

WEAVER, J.—The plaintiff sues to recover for damages for his alleged wrongful discharge from defendant's employment, and sets out the written agreement by which defendant engaged his services for one year from September 1, 1914, at the rate of $150 per month. The defendant in answer admits making the contract, and that, on January 7, 1915, it discharged the plaintiff from its service; but alleges that such discharge was justified by the failure of plaintiff to properly perform the work for which he was employed. Many other things are pleaded in defense, much of which is irrelevant or merely argumentative. In so far as they present defensive or issuable matter, they will be considered in the course of this opinion. A counterclaim was also pleaded for the recovery of damages which it alleged it had sustained by plaintiff's failure to perform his

work properly. On trial to a jury, there was returned for plaintiff a verdict for $792.20, with interest from September 1, 1915. Many errors are assigned, but we shall give attention to such only as have been argued.

I. Complaint is first made of the ruling of the trial court striking out certain matter in the third division of the answer. The matter so referred to by counsel is to the effect that, before making the contract, plaintiff represented to the defendant that he possessed the necessary skill and experience to perform the duties of the position, and that defendant, relying thereon, entered into the agreement. Counsel say in argument that such representations were material, and that if, on trial, they were found to be false, and plaintiff was not qualified for the position, it would justify his discharge. Conceding the correctness of the abstract proposition of law as stated, it is sufficient response to say that the so-called affirmative defense in this division of the answer contains no allegation whatever that the representations there charged to have been made were not, in fact, true. The matter stricken pleaded no defense, and in striking it out, defendant suffered no prejudice. Appellant seeks to avoid the obvious effect of this condition of the record by pointing out that, on the trial, it offered evidence on the same proposition, but it was ruled out; and error is assigned on this ruling also. But this is immaterial; for appellant raised no such issue in its answer, and it was not entitled to prove a defense not pleaded. Moreover, the question to which answer was excluded was a mere inquiry as to what conversation the witness had with plaintiff on the subject of his prior experience and his competency for the work. There was no statement or suggestion to the court concern-

1. PLEADING: motions: striking non-defensive matter: master and servant.

2. PLEADING: issue, proof, and variance: evidence admissible.

3. APPEAL AND ERROR: harmless error: failure to show nature of answer sought.

ing the nature of the answers to be elicited from the wit-
ness, or offer to show that the plaintiff's statements on such
occasion were false or misleading. There was no error in
the ruling complained of.

4. MASTER AND
SERVANT:
the relation.
wrongful dis-
charge: de-
fense.

II.   Appellant further assigns error on
the ruling of the court in striking out the
seventh division of the answer. The di-
vision of the answer here referred to af-
fords something of a novelty in the line of defenses to an
action for breach of contract of employment. We quote
it in the pleader's own language, as follows:

"For further answer, and by way of affirmative defense,
this defendant avers and charges the fact to be that, after
the dismissal of the plaintiff from the services of the defend-
ant company, the plaintiff refused to continue in the em-
ploy of the defendant company in a clerical capacity at the
offered salary of $100 per month until the first day of Sep-
tember, 1915; that the plaintiff wholly failed to use any
diligence in seeking employment elsewhere, after he had
refused the employment thus offered him by the defendant.
However, this defendant avers and charges the fact to be
that the plaintiff has been and is now employed in and
about Roswell, in the state of New Mexico, as the manager
and superintendent of a fruit farm, and that the plaintiff
has other business interests to which he has devoted his
time and attention, and from which he has derived profit
to himself, and for which he in no ways now accounts;
that, for all of which reasons, the defendant denies it is in-
debted to the plaintiff in any amount whatsoever."

That an employer may discharge an employe, contrary
to the terms of his contract, and then plead and prove, by
way of affirmative defense to an action for damages, that
he offered to retain plaintiff in his service on condition
that the latter would accept compensation at a fraction of
the contract wage, is so opposed to all reason and authority

that its bare statement is its own sufficient refutation.

5. MASTER AND
SERVANT:
the relation:
wrongful
discharge:
'defense.

Scarcely more reasonable is the further allegation that the plaintiff has been employed, since his discharge, as manager and superintendent of a fruit farm, and "has other business interests from which he has received profits for which he in no ways accounts." If, as a matter of fact, the plaintiff has obtained other employment which should be taken into account in ascertaining the damage he has sustained by his discharge, the defendant was entitled to show that fact by any proper evidence, without specially pleading the fact as a defense. But the plaintiff is under no duty to "account" to the defendant or to the court for any "profits" he may have acquired from his business interests.

The matter found in this division of the answer is not only redundant, but it also is frivolous, and was properly stricken out.

III. The appellant's contention that whatever plaintiff earned for personal services rendered for others during the remainder of the year after his discharge should be considered in reducing his damages, in case he was found entitled to recover at all, is no doubt correct; and, as the court so charged, it must be presumed that the jury gave the defendant the benefit of all such deductions as the testimony showed it was entitled to. What other income, if any, the plaintiff derived from rentals, or from buying and selling sheep, or from investments or business enterprises generally, is a matter into which defendant had no right to inquire. Had plaintiff been so fortunate as to discover a rich gold mine in the interval of his nonemployment, proof of the fact would have been wholly immaterial in this case.

IV. On the trial, plaintiff offered in evidence certain letters written him by W. F. Main, the president and general manager of the defendant corporation, and they were admitted into the record over the defendant's objection. This ruling is also said to be erroneous.

6. EVIDENCE: relevancy, competency, and materiality : master and servant : correspondence relative to discharge.

It is difficult to understand upon what theory the letters could properly have been excluded. Mr. Main was president and director of the corporation. Indeed, the record seems to indicate that, in a very just sense of the word, he is the corporation, and that it is through and by him that the corporation speaks. It was he who represented it in employing the plaintiff and in discharging him. The letters relate almost exclusively to the matter of the plaintiff's hiring, to his services and his discharge. They are very pertinent in their bearing upon the merits of the case. They were clearly admissible, and the assignment of error thereon cannot be sustained.

It is finally contended that, in any event, the verdict is excessive in amount. We do not think so. The jury was fully justified in finding that plaintiff's discharge was wrongful. It was made when only about four months of the year of employment had passed. For the remaining eight months, plaintiff's wages, at the agreed rate, would amount to $1,200. The verdict returned was for $792.20, indicating that the jury had given the appellant the benefit of a reduction of about $400 on account of plaintiff's earnings from other sources. This was a fairly conservative estimate, and the verdict must be permitted to stand.

The merits of the controversy are clearly with the appellee. Other questions suggested by counsel are governed by the conclusions already announced, and require no fur-

ther consideration.    The judgment of the district court is—
*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.