## FARMERS CO-OPERATIVE ASS'N v. SHAW.

No. 24511.   March 12. 1935.

Rehearing Denied April 2, 1935.

Andrew J. Welch, for plaintiff in error.

Ralph E. Gilchrist and Tom L. Ruble, for defendant in error.

PER CURIAM. This action was commenced in the district court of Dewey county, on May 23, 1931, by defendant in error, hereinafter called plaintiff, against plaintiff in error, hereinafter called defendant, to recover the sum of $386.08, with interest at six per cent. per annum from May 1. 1931, for the breach of an oral contract of employment for the period beginning May 1, 1930, and ending April 30, 1931.

According to the undisputed evidence, plaintiff and defendant, in April, 1930, entered into a verbal contract by the terms of which defendant employed plaintiff as a bookkeeper and office man for a period of one year beginning May 1, 1930, and ending April 30, 1931, at an agreed salary of $100 per month, payable at the rate of $23.10 per week.

That plaintiff performed his duties in accordance with said contract until January 5, 1931, at which time the board of directors of the defendant company ordered a general salary reduction of 25 per cent., which was made applicable to all defendant's employees. On that date plaintiff was called before the board of directors and advised that his salary was reduced from $100 to $75 per month. He objected to such reduction and insisted that he be paid $100 per month during the unexpired term of his contract. The

defendant refused to be bound by the contract, but did offer to pay plaintiff $75 per month if he would continue in the performance of his usual duties.

The undisputed testimony discloses that in the same conversation plaintiff was advised of the arbitrary reduction in his salary and was made an offer of re-employment, if we wish to treat it as such, at the reduced salary.

The defendant called as its principal witness, Alvin Arthaud, secretary of the defendant company, who upon examination by the court testified as follows:

"Q. You did reduce, you say, his salary to $75? A. Yes, sir. Q. And he told you he wouldn't work for that? A. Yes, sir. Q. He claimed he had a $100 contract with you? A. Yes, sir. Q. And you told him it was pretty hard to get a job that would pay $100, and tried to get him to stay? A. Yes, sir. Q. And he wouldn't do it? A. Yes, sir. Q. That was all there was about it? A. Yes, sir."

The witness Arthaud further testified that on the day following plaintiff returned and offered to accept re-employment at $75 per month, the statement of the witness in that connection being as follows:

"He came back the next evening about four o'clock and told me he had reconsidered it and would like to have the job back at the figure we had offered him, and said he had looked around and found that all companies were cutting wages. Q. Did you let him have it back at that time? A. No, sir; we had made different arrangements."

In the trial court the defendant in effect conceded that the reduction of 25 per cent. in plaintiff's salary constituted a wrongful discharge and breach of contract by tendering judgment in plaintiff's favor for the difference between the original and the reduced salary. In other words, the defendant admitted its liability to the plaintiff to the amount of $25 per month for the unexpired term of the contract.

During the testimony it developed plaintiff had during the unexpired term of the contract earned $25 elsewhere, and the court directed the jury to return a verdict in favor of the plaintiff for the sum of $361.08, being the amount sued for less the sum of $25 which plaintiff had earned elsewhere during the unexpired term of his contract.

The question presented by this appeal is whether the defendant can, under the circumstances of this case, plead in mitigation of damages the fact that at the time it breached the contract an offer of re-employment was made plaintiff at a reduced salary.

This court is in accord with the general rule that a discharged servant cannot lie by unemployed for the remainder of the term and then claim full compensation. He is bound to make the best use of his time and seek other employment, and the master may show in mitigation of damages that the servant has received compensation during the unexpired term of the contract from other employment, or that he might have received compensation in other similar employment by using proper effort.

In the case of Sharpless Separator Co. et al. v. Gray, 62 Okla. 73, 161 P. 1074, this court announced the rule in the following language:

"The measure of damages for the breach of a contract of employment by the employer is prima facie the sum stipulated to be paid for the services; and the burden of reducing the damages by proof that the servant has, or might with reasonable diligence have, obtained other remunerative employment of a like character after his discharge, rests on the employer."

The precise question presented by this appeal has not been previously passed upon by this court. It has been held, however, in other jurisdictions, that a discharged employee who is offered similar employment by his former employer is bound to accept the same in order to reduce his damages, where the offer is such that it will not prejudice his claim for the loss suffered up to that time. Levin v. Standard Fashion Co., 4 N. Y. Supp. 867; Bigelow v. American Forcite Power Mfg. Co., 39 Hun. (N. Y.) 599. See, also, Squire v. Wright, 1 Mo. App. 172; Dary v. The Caroline Miller (D. C.) 36 F. 507; 6 L. R. A. (N. S.) 105.

There are also authorities from other jurisdictions holding that one who has been wrongfully prevented from performing a contract of service by the act of his employer should not be required, in order to protect his right to recover damages therefor, to accept new employment from the same employer under circumstances which would permit a claim that he consented to a modification of the contract and to an abandonment of his right of action. Jackson v. Independent School District (Iowa) 77 N. W. 860; Chisholm v. Preferred Bankers' Life Assur. Co., 112 Mich. 50, 70 N. W. 415; Howard v. Vaughan-Monnig Shoe Co., 82 Mo. App. 405.

We consider the rule, as announced in the foregoing cases, sound. In the case at bar

the defendant wrongfully breached the contract and there was no duty resting upon the plaintiff to accept employment from the same employer under circumstances which would permit a claim that he consented to a modification of the contract and to an abandonment of his right of action. As we view the evidence there was a plain proposition made plaintiff by the defendant that he give up the old arrangement or contract and accept in lieu thereof a new one less beneficial to him. The offer made plaintiff was surrounded by circumstances which would permit a claim on the part of the defendant that plaintiff consented to a modification of the original contract, and that being true, plaintiff was not required to accept the offer of re-employment.

The defendant relies solely upon the proposition that plaintiff refused to agree to a reduction in his salary at the time and during the same conversation when he was notified that such reduction had been made. As heretofore pointed out, plaintiff returned on the day following the wrongful breach of the contract by the defendant and offered to continue the performance of his duties, but at that time employment was refused him. It is apparent plaintiff did all in his power to minimize his damages. There was no duty resting on the plaintiff to immediately accept an arbitrary reduction in salary, and thereby permit a claim on the part of the defendant that he had consented to a modification of his contract.

In view of the opinions herein expressed, it was not error for the trial court to direct a verdict in favor of the plaintiff, and the judgment is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Lawrence L. Jones, W. L. Cheatham, and Fletcher M. Johnson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Jones and approved by Mr. Cheatham and Mr. Johnson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.