HAROLD HOLLOWAY ET UX. *v.* JOSEPH LEVINE.

May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 1, 1935.

*J. A. McNamara* and *Myron Samuelson* for the defendant.

*J. H. Macomber* and *J. H. Macomber, Jr.*, for the plaintiffs.

POWERS, C. J.   The defendant hired the plaintiffs to work in his dry cleaning business for a definite term at a stipulated wage.   During the term he notified them that he could not continue to pay them the amount called for by the contract, but offered to keep them at a reduced rate of pay, which offer the plaintiffs declined to accept.   Thereupon he paid them the amount then due them and the employment ceased.   The services of the plaintiffs had been satisfactory and their dismissal was unjustified.   Shortly after the termination of the arrangement, the defendant sent a man named Goldman to the plaintiffs to see if they would return to work at the reduced wages, but it is not found that this man was authorized to offer them re-employment or that he attempted to re-employ them.   The plaintiffs made diligent attempts to find other employment, but did not succeed, though they earned some money from a paper business.   After the term of the original hiring had expired, they brought this suit claiming damages for their wrongful discharge. The case was returnable to the Chittenden municipal court, where it was tried without a jury.   Judgment was rendered for the plaintiffs and the defendant excepted.

The defendant claimed that the refusal of the plaintiffs to continue or return at the reduced rate of pay resulted in mitigating their damages by the amount of the wages proposed in his offer.   The court held otherwise, and the exception to this ruling presents the only question before us.

The general rule applicable to such cases as this is laid down by Chief Judge Redfield in *Sherman* v. *Champlain Transportation Co.*, 31 Vt. 162, 179, as follows: "The party thus (wrongfully) turned away may elect either to recover in *quantum meruit* for the service actually performed, in which case, the contract price will not control the amount of the recovery; or he may sue for breach of the contract in not allowing him to fulfill his contract, in which case he recovers for part performance, and for the damages sustained by the employment not being continued.   But he is not at liberty to lie by unemployed for the remainder of the term and then claim full compensation. Notwithstanding the violation of the contract by the other party, he is still bound to make the best of his time."   Under this rule, the servant may or may not be obliged to accept an offer of re-employment by the same man or suffer a mitigation

of damages. It depends upon the character of the offer and the circumstances under which it is made. If it can be accepted without prejudice to the servant's claim for damages for breach of the original contract, it must be accepted or it will operate to reduce his damages. But if, in the circumstances, an acceptance of the master's proposal would amount to a modification of the original contract, it may be ignored, and it will not affect the amount of the servant's recovery in a suit like this.

This distinction is well shown by *Bigelow* v. *America, etc., Co.,* 39 Hun. (N. Y.) 599, and *Whitmarsh* v. *Littlefield*, 46 Hun. (N. Y.) 418. In the former case, it was held that the contract was fully and wrongfully broken when the offer was made, and that its refusal mitigated the plaintiff's damages. In the latter, it was held that the offer, if accepted, would have modified the original contract, and that its refusal did not affect the plaintiff's damages.

Again, in *Jackson* v. *Independent School Dist.* (Iowa), 77 N. W. 860, 863, it was held that a servant wrongfully discharged is under no obligation to accept re-employment by the same master, unless: (1) The work offered is in the same general line; and (2) the offer is made in such a way that its acceptance will not amount to a modification of the original contract. To the same effect are *Trawick* v. *Peoria, etc., Ry. Co.,* 68 Ill. App. 156, 159; *Chisholm* v. *Bankers' Life Assur. Co.,* 112 Mich. 50, 56, 70 N. W. 415; *People's Co-op. Asso.* v. *Lloyd,* 77 Ala. 387; *Miller* v. *Abraham,* 159 Ark. 493, 496, 252 S. W. 15; *Americus Grocery Co.* v. *Roney,* 129 Ga. 40, 42, 58 S. E. 462. See, also, 18 R. C. L. 530.

The offer made by this defendant was, in effect, made before he actually discharged the plaintiffs. It was to continue the employment at a reduction in pay. Clearly, the plaintiffs' acceptance would have amounted to a modification of the original contract of empoyment by the establishment of a new wage. If they had accepted, they could have recovered wages and no damages in excess of the amount so agreed upon. If such a definite offer had been carried to the plaintiffs by Goldman, a different case would be presented.

*Judgment affirmed.*