[Civ. No. 17194.  Second Dist., Div. Two.  Nov. 30, 1949.]

VILMA A. BILLETTER, Respondent, v. JULES POSELL
et al., Appellant.

Bernbaum, Kleinrock & Freeman for Appellant.

Lyle W. Rucker for Respondent.

WILSON, J.—Alleging that she was employed by defendants for a period of one year at an agreed salary and was wrongfully discharged before the expiration of the employment period, plaintiff brings this action to recover the balance owing to her for the remainder of the contract period. From a judgment in favor of plaintiff, defendant Posell appeals.

On or about July 1, 1946, plaintiff and defendants entered into an oral contract whereby plaintiff was employed as a floor lady and designer for the period of one year commencing July 1, 1946, and ending June 30, 1947, at an agreed salary of $75 per week and as additional compensation a Christmas bonus of $500 to be paid to her on or about December 25, 1946. About December 31, 1946, defendants terminated plaintiff's employment without cause under the circumstances hereinafter related.

Defendants contend the evidence is insufficient to sustain the findings (1) that they had employed plaintiff for a period of one year, and (2) that they breached the employment contract.

Plaintiff testified that shortly prior to July 1, 1946, while in the employ of defendants, she told them she desired to resign her position with them for the reason that she had been offered an employment contract by another establishment for one year at $75 per week and a bonus of $500 at Christmas time; the proposed contract was in writing; at defendant Levy's request she gave him the contract and after reading

it he said they would give her the $75 per week for a year and the $500 Christmas bonus—they would give her that or better; he threw the contract into the wastepaper basket and thereupon called defendant Posell and told the latter he had made the arrangement above outlined. She further testified that during the Christmas holidays defendants told her they had decided to have another designer and to have plaintiff take the place of a floor lady at a salary of $55 per week. Being unwilling to accept the reduction in salary plaintiff left defendants' employ.

Plaintiff received $75 per week until the end of 1946 and $300 on account of the Christmas bonus.

The foregoing evidence sustains the findings complained of by defendants and since the evidence of the latter, contradictory of plaintiff's testimony, merely creates a conflict it need not be related. (*Buckhantz* v. *R. G. Hamilton & Co.,* 71 CalApp.2d 777, 779 [163 P.2d 756].)

■ The contract which Levy threw into the wastepaper basket, having been recovered and retained by plaintiff, was offered and received in evidence. Defendants' contention that the court erred in admitting it is untenable. It was offered for the purpose of showing the terms upon which plaintiff had been employed. The document was not a self-serving declaration; its contents were known to both parties, and the terms of plaintiff's employment were adopted from it.

■ During the time when plaintiff was unemployed she received payments from the State Unemployment Compensation Fund. Defendants contend they should be allowed credit for the moneys so received by her. Such funds are not deductible as compensation received from other employment in mitigation of damages. Benefits of this character are intended to alleviate the distress of unemployment and not to diminish the amount which an employer must pay as damages for the wrongful discharge of an employee. (*Bang* v. *International Sisal Co.,* 212 Minn. 135 [4 N.W.2d 113, 116]. See section 1, Cal. Unemployment Ins. Act, Stats. 1935, p. 1226, 3 Deering's Gen. Laws (1944 ed.), Act 8780d, p. 3322.)

At the time plaintiff's employment terminated defendants offered to continue her in their employ at the rate of $60 per week and she refused to work for less than $65. Contrary to defendants' contention they are not entitled to credit for the amount they offered to pay her.

■ When a person is employed for a definite period of time at an agreed rate of wages and is wrongfully discharged

before the expiration of the period for which he was employed, he may refuse his former employer's offer of reemployment at less wages than were stipulated in the original contract of employment when acceptance of such offer would amount to a modification of the original contract or to a waiver of his right to recover according to its terms. (*Morris Shoe Co.* v. *Coleman,* 187 Ky. 837 [221 S.W. 242, 245]; *Jackson* v. *Independent School Dist.,* 110 Iowa 313 [81 N.W. 596, 597]; *Chisholm* v. *Preferred Bankers' etc. Co.,* 112 Mich. 50 [70 N.W. 415, 416]; *Miller* v. *Abraham,* 159 Ark. 493 [252 S.W. 15]; *People's Co-op. Ass'n* v. *Lloyd,* 77 Ala. 387, 390; *Wachs* v. *Friedmann,* 11 Mo.App. 602; *Whitmarsh* v. *Littlefield,* 46 Hun. (N.Y.) 418; *Hussey* v. *Holloway,* 217 Mass. 100 [104 N.E. 471, 472]; *Americus Grocery Co.* v. *Roney,* 129 Ga. 40 [58 S.E. 462]; *Trawick* v. *Peoria etc. Ry. Co.,* 68 Ill.App. 156, 159; *Sparta School Twp.* v. *Mendell,* 138 Ind. 188 [37 N.E. 604, 606]; *Curtis* v. *A. Lehmann & Co.,* 115 La. 40 [38 So. 887, 888]; *Howard* v. *Vaughan-Monnig Shoe Co.,* 82 Mo. App. 405, 410; *Prichard* v. *Martin,* 27 Miss. 305, 310.)

■ It is the rule that an employee is not required to perform the same work for a less price in mitigation of damages, and an offer of an employer who has wrongfully discharged the employee to continue the employment at a lower rate of wages is not a defense. (*Chisholm* v. *Preferred Bankers' etc. Co., supra*; *Redfield* v. *Boston P. & M. Co.,* 183 Iowa 194 [165 N.W. 365, 366]; *Whitmarsh* v. *Littlefield, supra.*) An employee, upon wrongful discharge, is not required to choose between making a new agreement with his employer and losing all his rights under the old one. He is not bound to accept a new employment from the same employer unless (1) the work is in the same general line of the first employment, and (2) the offer is made in such manner that his acceptance will not amount to a modification of the original agreement. (*Jackson* v. *Independent School Dist., supra.*)

Cases are cited in a note in 72 American Law Reports, page 1054, to the effect that an employee who has been wrongfully discharged must accept his employer's offer of reemployment in order to reduce the damages where the offer may be accepted in such manner that it will be *without prejudice* to the discharged employee's rights under his original contract. There is nothing in those cases contrary to the general rule above stated. In each of them the employee was fully compensated or his rights under his contract were properly protected. If the

employee is offered his former employment for the same time and at the same rate of wages for which he was originally employed or is otherwise protected against loss he is barred from recovery of damages for wrongful discharge. (*Hussey* v. *Holloway,* 217 Mass. 100 [104 N.E. 471, 472]; *Squire* v. *Wright,* 1 Mo.App. 172, 175; *Ryan* v. *Mineral etc. Dist.,* 27 Colo.App. 63 [146 P. 792, 795]; *Dary* v. *The Caroline Miller* (D.C.Ala.), 36 F. 507, 509.) An offer of reemployment may be couched in such terms as to save the rights of the employee, as where it is expressly understood that the employment will not cure the breach of the contract. (*Robinson* v. *Walker,* 7 Cal.App.2d 268, 269 [46 P.2d 174].)

One who has been prevented from performing a contract of service should not be required to accept a new employment under circumstances which permit the claim that he consents to a modification of the original contract and an abandonment of his right of action under it. (*Farmers' Co-op. Ass'n* v. *Shaw,* 171 Okla. 358 [42 P.2d 887, 889]; *Levy* v. *Tharrington,* 178 Okla. 276 [62 P.2d 641, 642]; *Chisholm* v. *Preferred Bankers' etc. Co.,* 112 Mich. 50 [70 N.W. 415, 417]; *People's Co-op. Ass'n* v. *Lloyd,* 77 Ala. 387, 390.)

In the instant action defendants' offer of reemployment was not coupled with any protective condition and was not made without prejudice to plaintiff's right of recovery under the original contract. Had she remained in defendants' employ and accepted their offer of $60 per week she would have been precluded from recovering any additional amount since such arrangement would have signified her consent either to a new contract or to a modification of the old one. In either case she would have waived and abandoned any right to claim under her former contract. (*Miller* v. *Abraham,* 159 Ark. 493 [252 S.W. 15, 16]; *People's Co-op. Ass'n* v. *Lloyd, supra; Trawick* v. *Peoria etc. Ry. Co.,* 68 Ill.App. 156, 159; *Whitmarsh* v. *Littlefield,* 46 Hun. (N.Y.) 418, 420.) A discharged employee is not required to accept reemployment from his employer if acceptance would sacrifice his right to claim damages to which he is entitled by reason of the violation of the contract by the employer. (*Morris Shoe Co.* v. *Coleman,* 187 Ky. 837 [221 S.W. 242, 245]; *Hussey* v. *Holloway, supra; Wachs* v. *Friedmann,* 11 Mo.App. 602.)

Since defendants' offer to continue plaintiff in their employ at a lower salary than that agreed upon was not so qualified as to preserve her rights under the contract and since if she

had accepted the offer she would have modified her employment contract and waived any right to recovery thereunder, defendants are not entitled to the credit claimed.

Judgment affirmed.

Moore, P. J., concurred.

McComb, J., dissented.