Craig HUGHES, an individual,
Plaintiff—Appellee,

v.

U.S. FOODSERVICE, INC., a
corporation, Defendant—
Appellant.

Nos. 04–56210, 04–56943, 04–56881.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2006.

Decided Feb. 22, 2006.

Jerry Rappaport, Esq., Gelfand Rappaport & Glazer LLP, Los Angeles, CA, for Plaintiff–Appellee.

William S. Waldo, Esq., Paul, Hastings, Janofsky & Walker LLP, Los Angeles, CA, for Defendant–Appellant.

Before: THOMPSON, T.G. NELSON, and GOULD, Circuit Judges.

MEMORANDUM *

Defendant U.S. Foodservice ("USF") appeals the district court's judgment and award of damages in favor of Plaintiff Craig Hughes following a bench trial. Hughes cross-appeals the district court's reduction of his damages award by the amount he received in disability payments and its exclusion of computer research expenses from the calculation of attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291. As to USF's appeal, we affirm. As to Hughes's cross-appeal, we reverse and remand.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Cal. Gov't Code § 12940(m).

2. *See id.*

3. *Humphrey v. Mem'l Hosps. Ass'n,* 239 F.3d 1128, 1136 (9th Cir.2001).

## I. The district court did not err in holding USF liable under section 12940(m) of California's Fair Employment and Housing Act (FEHA).

■ FEHA section 12940(m) provides that, once an employer is aware that an employee is disabled, it is unlawful for that employer to fail reasonably to accommodate the employee's disability.[1] Thus, USF had a duty to accommodate Hughes reasonably.[2] The district court properly held that USF violated its duty after finding that Hughes was able to perform the essential functions of the new customer service position from home and that a work-at-home arrangement would not cause USF undue hardship.[3]

The district court reasonably found that Hughes could perform all of the essential functions of the customer care position from home.[4] Hughes's evidence showed that the customer care position primarily involved use of the computer, phone system, and fax machine, all of which Hughes could access and use effectively from home.[5] The evidence also established that face-to-face interaction among customer care workers was not essential to the position because at least one customer care worker worked satisfactorily in a separate part of the office.

On appeal, USF does not claim that the work-at-home arrangement would cause it undue hardship. Therefore, the work-at-home arrangement that Hughes proposed

4. *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir.2002) (reviewing the district court's findings of fact for clear error).

5. The district court properly excluded as hearsay USF's evidence of the April 2003 tests purportedly showing that Hughes could not access USF's software programs from home. *See* Fed.R.Evid. 801(c), 802.

was reasonable.[6] USF's failure to adopt it—or any other reasonable accommodation—breached its duty under section 12940(m).[7] Accordingly, we affirm.

## II. The district court did not err in holding USF liable under FEHA section 12940(n).

█ FEHA section 12940(n) requires an employer to "engage in a timely, good faith, interactive process" with a disabled employee to "determine effective[,] reasonable accommodations."[8] The interactive process requires all of the following: (1) direct communication between the employer and employee to explore possible accommodations, (2) consideration of any accommodation requested by the employee, and (3) an offer of reasonable and effective accommodation, if any exists, by the employer.[9]

The district court reasonably held that USF did not satisfy the second requirement. USF rejected Hughes's proposal without determining its technical feasibility. An employer's good faith consideration of an employee's requested accommodation requires more than an uninformed rejection.[10]

Although USF's failure to satisfy the second requirement is sufficient to affirm the district court's imposition of liability, USF also failed to satisfy the third requirement. USF did not offer Hughes an alternative accommodation that was reasonable and effective.[11] Because USF failed to consider Hughes's suggested accommodation, and also did not offer any reasonable alternatives, it breached its duty under FEHA section 12940(n).[12] The district court's imposition of liability is affirmed.

III. The district court did not err in concluding that USF had failed to satisfy its burden to show that Hughes did not mitigate damages.

To prove that Hughes did not mitigate damages, USF bore the burden at trial to show that equivalent positions to Hughes's position at USF were available and that Hughes failed to exercise reasonable diligence in seeking them.[13] USF concedes that it did not identify equivalent, available positions. Moreover, Hughes did attempt to find employment that accommodated the restrictions of his disability, but was unsuccessful. Therefore, USF failed to satisfy its burden and we affirm the district court's award of damages to Hughes.

6. See Humphrey, 239 F.3d at 1136.

7. Cal. Gov't Code § 12940(m).

8. Id. at § 12940(n).

9. Zivkovic, 302 F.3d at 1089.

10. See Buckingham v. United States, 998 F.2d 735, 740 (9th Cir.1993) (holding that an employer "may not merely speculate that [the employee's] suggested accommodation is not feasible[, but must] gather sufficient information ... from qualified experts ... to determine" the accommodation's effectiveness).

11. See Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1116–17 (9th Cir.2000), rev'd on other grounds by 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002); see County of Fresno v. Fair Employment and Hous. Comm'n, 226 Cal.App.3d 1541, 277 Cal.Rptr. 557, 566 (1991).
   No evidence in the record supports USF's assertions that it offered to provide Hughes with financial assistance to relocate and that it offered Hughes transportation to and from work.

12. See Humphrey, 239 F.3d at 1139; Barnett, 228 F.3d at 1116–17.

13. See West v. Bechtel Corp., 96 Cal.App.4th 966, 117 Cal.Rptr.2d 647, 662 (2002); see also Mayer v. Multistate Legal Studies, Inc., 52 Cal.App.4th 1428, 61 Cal.Rptr.2d 336, 340–41 (1997).

#### IV. Hughes's receipt of disability payments did not require a reduction in his damages.

Under California's collateral source rule, a plaintiff is not required to offset compensation received from sources other than the defendant—such as unemployment benefits or disability payments—from the damage award.[14] Because Hughes did not receive the disability payments from USF, the district court should not have offset the amount of the payments from Hughes's award of damages.[15] Therefore, we reverse and remand to the district court with instructions to award Hughes the full amount of damages.

#### V. Hughes is entitled to computer research expenses as attorneys' fees.

California Government Code section 12965(b) authorizes the award of reasonable attorneys' fees to the prevailing party in a FEHA suit.[16] Although California courts have held that California Code of Civil Procedure section 1033.5 bars parties from recovering computer research expenses as costs, they have not held that parties may not recover the expenses as attorneys' fees.[17] Exclusion of such expenses runs counter to the intent of FEHA's attorneys' fee provision.[18] Accordingly, we remand the fee award to the district court for recalculation.

The district court's judgment in favor of Hughes is AFFIRMED; its award of damages to Hughes is AFFIRMED in part, REVERSED in part, and REMANDED with instructions to award Hughes the full damages amount; and its award of attorneys' fees is AFFIRMED in part, REVERSED in part, and REMANDED; COSTS to Appellee.

---

14. *See Helfend v. S. Cal. Rapid Transit Dist.*, 2 Cal.3d 1, 84 Cal.Rptr. 173, 181, 465 P.2d 61 (1970); *Fein v. Permanente Med. Group*, 38 Cal.3d 137, 211 Cal.Rptr. 368, 695 P.2d 665, 684 (1985).

15. *See Helfend*, 84 Cal.Rptr. at 181, 465 P.2d 61; *Billetter v. Posell*, 94 Cal.App.2d 858, 211 P.2d 621, 623 (1949).

16. Cal. Gov't Code § 12965(b).

17. *See* Cal.Code Civ. P. 1033.5(b)(2); *Ladas v. Cal. State Auto. Assoc.*, 19 Cal.App.4th 761, 23 Cal.Rptr.2d 810, 818 (1993).

18. *See* Cal. Gov't Code § 12965(b); *see Horsford v. Bd. of Trustees of Cal. State Univ.*, 132 Cal.App.4th 359, 33 Cal.Rptr.3d 644, 671 (2005) ("Fee awards should be fully compensatory" in order to accomplish the California legislature's intent to "assur[e] the availability of counsel to bring meritorious actions under FEHA.").

